### OPINION OF THE JUSTICES TO THE HOUSE OF REPRESENTATIVES.

*Constitutional Law*, General Court.  *General Court.*

In the opinion of the justices the General Court lawfully can assemble, without being called together by the Governor, at a time other than a regular session, and thereafter transact any business as a General Court.

But the General Court cannot so assemble and transact business upon the call of the presiding officers of the two branches.

The General Court can so assemble and transact business if the date and place of assembly are fixed by the General Court when in session.

The justices, excepting Justice Field, expressed, with qualifications, the opinion that the General Court lawfully can so assemble and transact business in accordance with a joint resolution leaving the time of assembly to be determined by a majority or other designated proportion of the members of each branch after ascertainment of the preference of every member of the General Court by some appropriate method.

On June 3, 1936, the House of Representatives adopted the following order:

WHEREAS, The Constitution of the Commonwealth (Part the Second, Chapter I, Section I, Article I and Amendment X) provides that the General Court shall assemble at such times, other than the regular sessions thereof, as they shall judge necessary, and the present General Court is contemplating early prorogation and is considering the question of again assembling under said provisions of the Constitution prior to the next annual session of the General Court; and

WHEREAS, There is pending before the General Court an order relative to the aforesaid matter, a copy of which is submitted herewith; and

WHEREAS, A solemn occasion and serious emergency exists, requiring the opinions of the Justices of the Supreme Judicial Court; now, therefore, be it

ORDERED, That the opinions of the Justices of the Supreme Judicial Court be required by the House of

Representatives upon the following important questions of law:

1. Can the General Court, under the aforesaid provisions of the Constitution, assemble, without being called together by the governor, at a time other than a regular session and thereafter transact any business as a General Court?

2. Can the General Court, under the aforesaid provisions of the Constitution, so assemble upon the call of the presiding officers of the two branches and thereafter transact any business as a General Court?

3. Can the General Court, under the aforesaid provisions of the Constitution, so assemble upon petition of a majority or other designated proportion of the members of each branch and thereafter transact any business as a General Court?

4. Can the General Court, under the aforesaid provisions of the Constitution, so assemble if the date and place of so assembling are fixed by the General Court when in session and thereafter transact any business as a General Court?

The order was transmitted to the Justices on June 5, 1936, and on June 16, 1936, they returned the following answers:

To The Honorable the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to questions in an order adopted June 3, 1936, and received on June 5, 1936, copy whereof is hereto annexed. These questions relate to a pending order to the effect that the "General Court judges it to be necessary that it assemble again during the current year . . . and that the time for so assembling be fixed by the President of the Senate and the Speaker of the House of Representatives, and that said President and Speaker are hereby authorized and directed to call the General Court to assemble . . . at such time in the autumn of the current year as they shall deem suitable and convenient."

It was provided by the Constitution, c. 1, § 1, art. 1:

"The legislative body shall assemble every year on the last Wednesday in May, and at such other times as they shall judge necessary." This was modified by art. 10 of the Amendments to the Constitution so that the political year should begin on the first Wednesday of January; but there is in that amending article the provision that "nothing herein contained shall prevent the general court from assembling at such other times as they shall judge necessary, or when called together by the governor." By § 3 of art. 64 of the Amendments to the Constitution establishing biennial elections, the General Court is required to assemble every year on the first Wednesday in January but that article contains no reference to power to assemble or be assembled at other times. The Governor with the advice of the Council is also given authority to call the General Court together by c. 2, § 1, art. 5 of the Constitution.

Thus three methods are prescribed for convening the General Court: (1) a constitutional mandate to assemble on a specified date in each year, (2) authority in the Governor with advice of the Council to call it into session at other times, and (3) power in itself to assemble at other times upon judging that course to be necessary.

This power of self determination of the necessity of assembling has never been exercised by the General Court so far as we can ascertain. We find nothing similar to this provision in the history of Massachusetts under the Colonial and Provincial charters.

The words of the Constitution are clear. They must be given effect. They cannot be lost by non-user. However much occasion for resort to the power thus conferred may be affected by other provisions of the Constitution, as to recesses by the General Court, art. 52 of Amendments, or adjournments or prorogations, c. 2, § 1, arts. 5 and 6, the power itself is not cut down. There was discussion of this clause in the Constitutional Convention of 1853. Suggestions were then put forward to account for its insertion in the organic law. But no question was raised as to its force or meaning. Vol. 3 of Debates of Constitutional Convention (1853) 666 *et seq.* It is a declaration of the in-

dependence of the General Court from domination by the executive department of government.

The Constitution contains no description of method by which the power of the General Court to convene itself may be exercised. There is force in the idea that the power was intended to be used in cases of emergency and upon occasions which could not be foreseen during the regular sessions in time to prepare for them. No opinion is intimated on that point. It is plain from the Constitution as a whole that practically continuous sessions of the General Court were not contemplated. There is in the language creating this power no limitation of the subjects which may be considered at a session convened by the General Court itself. It may deal with all matters properly before it.

The words of the Constitution conferring the power imply that in any event it may be exercised by the General Court while in session. By appropriate expression of legislative determination the General Court while in session may "judge necessary" that it assemble at a specified time during the future and before the terms of its members shall expire. Ordinarily, persons scattered through the Commonwealth, although elected as members of the Senate and House of Representatives, do not constitute the General Court; they must be convened according to law in order to exercise any functions as a General Court. There always have been constitutional provisions establishing the number of members of each branch of the General Court necessary to make a quorum for the transaction of business. C. 1, § 2, art. 9; c. 1, § 3, art. 9; arts. 21 and 33 of the Amendments.

We approve the statement that "when a constitution gives a general power, or enjoins a duty, it also gives, by implication, every particular power necessary for the exercise of the one or the performance of the other." 1 Cooley on Constitutional Limitations (8th ed.) 138, 139. Under this principle we think that the General Court, being already organized and in session, may also judge necessary

that it assemble during the period after its prorogation and before the expiration of the term for which its members have been elected. We are of opinion, also, that by joint resolution or rule the General Court may prescribe means for the expression by every one of its members of preference as to the date of such assembling by signature to some paper or papers and the accurate counting of such manifestations of preference, and that the General Court shall be convened upon the date preferred by a majority of the members of each branch as shown by such signatures. A joint resolution or rule of that nature, with such additional subsidiary provisions as may be deemed wise or necessary, would be within the competency of the General Court in execution of the constitutional power here under discussion. In view of the form of the order accompanying the questions, and in view of the fact that the General Court is now in session, and all the attendant conditions, it does not seem necessary to go further and to attempt to explore the difficulties which would arise in trying to answer abstractly the other aspects of question 3.

To judge that a necessity exists imports personal responsibility on the part of the members of the General Court which cannot be transferred to its presiding officers. It is the judgment of the General Court alone which is effective to "judge necessary" its assembling.

We answer "Yes" to questions 1 and 4. We answer "No" to question 2. As to question 3, in view of the foregoing discussion we give a qualified affirmative answer, provided appropriate action to that end be taken by the General Court while in session.

ARTHUR P. RUGG.
JOHN C. CROSBY.
EDWARD P. PIERCE.
CHARLES H. DONAHUE.
HENRY T. LUMMUS.
STANLEY E. QUA.

To The Honorable the House of Representatives of the Commonwealth of Massachusetts:

I agree with the answers to questions 1, 2 and 4 in the opinion signed by the Chief Justice. But I think that question 3 should be answered "No." In my opinion under the provisions of the Constitution for the assembling of the General Court "at such other times as they shall judge necessary" (Constitution, c. 1, § 1, art. 1; art. 10 of the Amendments) both the necessity of assembling and the time thereof must be determined by the General Court when in session.

FRED T. FIELD.