OPINION OF THE JUSTICES TO THE SENATE AND THE HOUSE OF REPRESENTATIVES.

</div>

*Constitutional Law*, General Court: special session. *General Court.*

The General Court when not in session, without any adjudication in advance during a regular session that it is necessary to assemble again during an interval between biennial sessions, constitutionally may assemble in case of emergency when it judges necessary without being called together by the Governor, provided every member of each branch has a reasonable opportunity in an orderly manner

to express an opinion as to the necessity for a special session at a specified date and it is determined in a proper and constitutional manner that it is necessary for the General Court to assemble.

The General Court has power to provide a method for so assembling by a rule providing a proper and constitutional method.

Drafts of rules submitted were proper and constitutional rules for the purpose of providing such methods.

On July 19, 1939, the following order was adopted by the House of Representatives and by the Senate in concurrence on July 20, 1939:

WHEREAS, The Constitution of the Commonwealth, Part the Second, Chapter I, Section I, Article I, provides that in addition to its regular sessions "the legislative body shall assemble at such other times as they shall judge necessary" and Article X of the Amendments, adopted in 1831, and Article LXXII thereof, adopted in 1938, providing that the regular sessions of the general court shall be biennial instead of annual, as heretofore, both provide that "nothing herein contained shall prevent the general court from assembling at such other times as they shall judge necessary or when called together by the governor"; and

WHEREAS, In an advisory opinion submitted to the House of Representatives on June 16, 1936, a majority of the justices stated that the "power of self determination of the necessity of assembling . . . is a declaration of the independence of the General Court from domination by the executive department of government", but suggested in answer to the third question, therein referred to, that "appropriate action" of some kind as to such assembling should be "taken by the General Court while in session"; and

WHEREAS, Particularly since the adoption of said amendment providing for biennial sessions of the general court, it is impossible during the regular session to foresee what, if any, public necessity for a special session may arise during the period between prorogation of such regular session and the assembling of the next biennial session; and

WHEREAS, It is intimated in said advisory opinion and in the debates of the constitutional convention of the commonwealth of 1853, especially at pages 666 and 667 of volume 3 of the official reports of the debates and proceedings in said convention, that the power to call itself together was given to the general court by the constitution because such power might be needed in an unforeseen emergency and in order to make the general court independent of the executive department of the government; and

WHEREAS, Said opinion states, that "there is force in the idea that the power was intended to be used in cases of emergency and upon occasions which could not be foreseen during the regular sessions in time to prepare for them" and further states that "the Constitution contains no description of method by which the power of the General Court to convene itself may be exercised"; and

WHEREAS, As a practical matter the general court cannot ascertain in advance either the occurrence of the emergency making its assembling necessary or the time for such assembling, and therefore, unless provision can be made in advance whereby it can assemble in an emergency, it will be for all practical purposes subordinate to the judgment of the governor both as to the necessity and time for its assembling; and

WHEREAS, Part the Second, Chapter I, Section I, Article IV of the constitution of the commonwealth provides that "full power and authority are hereby given and granted to the said general court, from time to time, to make, ordain, and establish, all manner of wholesome and reasonable orders, laws, statutes, and ordinances, directions and instructions . . . so as the same be not repugnant or contrary to this constitution, as they shall judge to be for the good and welfare of this commonwealth, and for the government and ordering thereof, and of the subjects of the same, and for the necessary support and defence of the government thereof"; and

WHEREAS, The general court is of the opinion that, if it has the constitutional power so to do, it ought to pro-

vide, in aid of the constitutional provisions authorizing it to assemble when it judges necessary, a reasonable and orderly method whereby such assembling can be effected when an unforeseen necessity therefor arises; and

WHEREAS, There are pending before the general court two orders relative to the aforesaid matter, copies of which are submitted herewith; and

WHEREAS, A solemn occasion and serious emergency exists requiring the opinions of the Honorable the Justices of the Supreme Judicial Court; now, therefore, be it

ORDERED, That the opinions of the Honorable the Justices of the Supreme Judicial Court be required by the general court upon the following important questions of law:

(1) Can the general court when not in session, under the aforesaid provisions of the constitution, without any adjudication in advance during a regular session that it is necessary to assemble again during the recess, in case of an emergency, assemble when it judges necessary, without being called together by the governor, and thereupon organize and transact business as a general court?

(2) Can the general court when not in session, under the aforesaid provisions of the constitution, without any adjudication in advance during a regular session that it is necessary for it to assemble again during the recess, assemble, in case of an emergency, without being called together by the governor, and adjudge it necessary that it assemble because of such emergency and thereupon organize and transact business as a general court?

(3) Has the general court the power, during a regular session, in aid of the provision of the constitution, Part the Second, Chapter I, Section I, Article I, that it may assemble "at such other times as they shall judge necessary", to provide by rule a method for so assembling in case of such necessity?

(4) Are the rules proposed in the orders, copies of which are submitted herewith, or either of them, proper and constitutional rules in aid of said provisions of the constitution?

The two orders above referred to as pending before the General Court were as follows:

"In order to provide a reasonable and orderly method, in case of an unforeseen emergency which may require legislative action during an interval between regular biennial sessions, for the General Court to exercise its constitutional authority under Article I of Section I of Chapter I of Part the Second of the Constitution of the Commonwealth to assemble at such times other than regular sessions as they shall judge necessary, if they are not called together by the Governor, it is hereby ORDERED, That the joint rules of the Senate and House of Representatives be and hereby are amended by inserting after Rule 26, under the heading *Special Sessions*, the following rule:

"RULE 26A. If during a recess of the General Court a majority of all the members of each branch thereof file with the Clerks of their respective branches statements in writing that in their opinion it is necessary that the General Court assemble, with directions to ·such Clerks to notify all the members .of such respective branches to assemble on a date specified in such directions, and if members constituting majorities in both branches of those sending such statements and directions specify the same date therein, said Clerks, at least ten days before the date so specified, or forthwith if such date is less than ten days following the receipt of directions from members constituting such majorities, shall notify all the members of their respective branches to assemble at the State House in Boston at eleven o'clock in the forenoon on said date. When so assembled, the first business to be taken up shall be the question of the necessity of assembling then or at some later specified time, in accordance with Article I of Section I of Chapter I of Part the Second of the Constitution of the Commonwealth. If each branch by a roll call vote judges that it is necessary that the General Court assemble then or at such later specified time, for the consideration of matters properly before it,

specifying the facts constituting such necessity, the two branches shall forthwith or at the time specified assemble and organize as a special session of the General Court for the consideration of matters properly before it. Nothing herein contained shall prevent the General Court from assembling in any other constitutional manner when it judges necessary."

"In order to provide a reasonable and orderly method, in case of an unforeseen emergency which may require legislative action during an interval between regular biennial sessions, for the General Court to exercise its constitutional authority under Article I of Section I of Chapter I of Part the Second of the Constitution of the Commonwealth to assemble at such times other than regular sessions as they shall judge necessary, if they are not called together by the Governor, it is hereby ORDERED, That the joint rules of the Senate and House of Representatives be and hereby are amended by inserting after Rule 26, under the heading *Special Sessions*, the following rule:

"RULE 26A. If during a recess of the General Court a majority of all the members of each branch thereof file with the Clerks of their respective branches statements in writing that in their opinion it is necessary that the General Court assemble, with directions to such Clerks to notify all the members of such respective branches to assemble on a date specified in such directions, and if members constituting majorities in both branches of those sending such statements and directions specify the same date therein, said Clerks, at least ten days before the date so specified, or forthwith if such date is less than ten days following the receipt of directions from members constituting such majorities, shall notify all the members of their respective branches to assemble at the State House in Boston at eleven o'clock in the forenoon on said date. When so assembled, the first business to be taken up shall be the question of the necessity of so assembling, in accordance with Article I

of Section I of Chapter I of Part the Second of the Constitution of the Commonwealth. If each branch, by a roll call vote, by a majority of all its members, judges that such assembling of the General Court is necessary, specifying the facts constituting such necessity, the General Court shall then complete its organization as a special session and proceed to the consideration of matters properly before it. Nothing herein contained shall prevent the General Court from assembling in any other constitutional manner when it judges necessary."

The order was transmitted to the Justices on July 26, 1939, and on July 27, 1939, they returned the following answers:

To The Honorable the Senate and the House of Representatives of the Commonwealth of Massachusetts:

The Justices of the Supreme Judicial Court respectfully submit these answers to questions set forth in an order — copy of which is hereto annexed — adopted by the Senate and by the House of Representatives in concurrence and transmitted to the Justices on July 26, 1939, as to the constitutionality of certain joint rules of the Senate and the House of Representatives relating to special sessions of the General Court proposed in orders now pending before the General Court. Copies of these pending orders, including copies of the proposed rules, are annexed to the order requiring our opinion.

The two rules proposed in the pending orders provide in somewhat different terms for the assembling of the General Court, "during a recess" thereof, in a "special session," even though not called together by the Governor with the advice of the Council under the provisions of Part II, c. 2, § 1, art. 5, of the Constitution. We assume, in view of the language of the orders, that the word "recess" as used in the proposed rules is not intended to be restricted to a recess limited in duration such as is authorized by art. 52 of the Amendments to the Constitution, but that it is intended to include "an interval between regular biennial

sessions" when the regular session has been adjourned or prorogued.

The controlling constitutional provision is Part II, c. 1, § 1, art. 1, as affected by later amendments. This article provided that "The legislative body shall assemble every year on the last Wednesday in May, and at such other times as they shall judge necessary." Article 10 of the Amendments, ratified in 1831, provided, in part, that "The political year shall begin on the first Wednesday of January instead of the last Wednesday of May, and the general court shall assemble every year on the said first Wednesday of January, and shall proceed at that session to make all the elections, and do all the other acts which are by the constitution required to be made and done at the session which has heretofore commenced on the last Wednesday of May . . . But nothing herein contained shall prevent the general court from assembling at such other times as they shall judge necessary, or when called together by the governor." Article 64 of the Amendments, ratified in 1918, provided, in § 3, that "The general court shall assemble every year on the first Wednesday in January," but made no reference to its assembling at any other time. Article 72 of the Amendments, ratified in 1938, provided, in § 1, that "The general court shall assemble in regular session on the first Wednesday of January in the year following the approval of this article and biennially on said Wednesday thereafter. Nothing herein contained shall prevent the general court from assembling at such other times as they shall judge necessary or when called together by the governor," and annulled all provisions of the Constitution and amendments thereto requiring the General Court to meet annually.

Part II, c. 2, § 1, art. 5, authorizes the Governor with the advice of the Council to call the General Court "together sooner than the time to which it may be adjourned or prorogued, if the welfare of the commonwealth shall require the same." This article and the following article contain provisions authorizing the Governor with the advice of the Council to adjourn or prorogue the General Court. Such adjournment or prorogation, other than in

exceptional cases for which provision is made, is to be "to any time the two houses shall desire." There are also provisions in the Constitution authorizing each of the houses "to adjourn themselves, provided such adjournments do not exceed two days at a time." Part II, c. 1, § 2, art. 6; § 3, art. 8. And art. 52 of the Amendments authorizes the General Court to "take a recess or recesses amounting to not more than thirty days; but no such recess shall extend beyond the sixtieth day from the date of their first assembling." Prior to the ratification of art. 10 of the Amendments it was the practice of the General Court to assemble in two or more sessions during the political year, ordinarily, if not invariably, assembling in a later session at a time to which the previous session had been adjourned or prorogued by the Governor with the advice of the Council in accordance with the desire of the General Court.

In *Opinion of the Justices*, 294 Mass. 623, the view was expressed, to which we adhere, that the power conferred upon the General Court to assemble "at such other times [that is, other than the time specifically fixed by the Constitution] as they shall judge necessary" is not cut down by the other provisions of the Constitution as to recesses, adjournments or prorogations (page 625). And there is nothing in art. 72 of the Amendments, ratified after that opinion was rendered, leading to a different conclusion. In that opinion also the view was expressed, to which we adhere, that "The words of the Constitution conferring the power imply that in any event it may be exercised by the General Court while in session. By appropriate expression of legislative determination the General Court while in session may 'judge necessary' that it assemble at a specified time during the future and before the terms of its members shall expire" (page 626). In that opinion, in conformity with these statements, all the Justices then constituting the court answered affirmatively the questions, "Can the General Court, under the aforesaid provisions of the Constitution, assemble, without being called together by the governor, at a time other than a regular session and thereafter transact any business as a General Court?" and

"Can the General Court, under the aforesaid provisions of the Constitution, so assemble if the date and place of so assembling are fixed by the General Court when in session and thereafter transact any business as a General Court?"

In the *Opinion of the Justices* already referred to, six of the seven Justices then constituting the court concurred in the statements that "the General Court, being already organized and in session, may also judge necessary that it assemble during the period after its prorogation and before the expiration of the term for which its members have been elected," that "by joint resolution or rule the General Court may prescribe means for the expression by every one of its members of preference as to the date of such assembling by signature to some paper or papers and the accurate counting of such manifestations of preference, and that the General Court shall be convened upon the date preferred by a majority of the members of each branch as shown by such signatures" (pages 626–627). These statements we accept as representing the law of the Commonwealth — the Chief Justice concurring, though not without doubt in view of his opinion previously expressed (see *Opinion of the Justices*, 294 Mass. 623, 628), but giving weight to the opinion of the other Justices thus formally stated. Compare *Opinion of the Justices*, 167 Mass. 599, 601. However, we do not interpret these statements as necessarily limiting the General Court to assembling, when not called together by the Governor, only in precise conformity with the procedure therein described, but we interpret them as describing a permissible procedure for so assembling.

One matter for consideration upon the questions now submitted, not considered in the earlier *Opinion of the Justices*, is whether the General Court may assemble without being called together by the Governor even if it has not, "being already organized and in session," judged it necessary "that it assemble during the period after its prorogation and before the expiration of the term for which its members have been elected." In our opinion the reasons leading to the conclusion that "by joint resolution or rule the General Court may prescribe means for the expression

by every one of its members of preference as to the date" of assembling in a special session also lead to the conclusion that in like manner it may prescribe means for the expression by every one of its members of their several opinions as to the necessity of a joint session. The basic reasons leading to the conclusion stated in the earlier opinion were that the provision in the Constitution authorizing the General Court to assemble "at such other times as they shall judge necessary" was "a declaration of the independence of the General Court from domination by the executive department of government," and that "when a constitution gives a general power, or enjoins a duty, it also gives, by implication, every particular power necessary for the exercise of the one or the performance of the other." *Opinion of the Justices*, 294 Mass. 623, 626. Full effect would not be given to these reasons if a determination during a regular session of the General Court of the necessity of assembling later in a special session constituted a necessary condition precedent to assembling in such a special session. This is particularly true in a situation where circumstances have arisen which could not have been foreseen before adjournment or prorogation of a regular session and which may be thought to render a special session necessary, even if in such a situation the Governor with the advice of the Council has power under Part II, c. 2, § 1, art. 5, to call the General Court "together sooner than the time to which it may be adjourned or prorogued, if the welfare of the commonwealth shall require the same." This power of the Governor is not to be interpreted as excluding the General Court from exercising a like power to assemble "at such other times as they shall judge necessary." We conclude, therefore, that the absence of an "adjudication in advance during a regular session that it is necessary for it to assemble again during the" interval between regular biennial sessions, or so to assemble "in case of an emergency," does not prevent the General Court from assembling in a special session if in other respects the constitutional requirements for so assembling are complied with.

A further matter for consideration is whether the proposed rules — alike in all substantial particulars — provide a method conforming to constitutional requirements by which the General Court may assemble in a special session when provision for such a special session at a specified date has not been made in advance at a regular session. Since the Constitution does not provide expressly for such a method, a method must be supplied by implication, or the power of the General Court to assemble "at such other times as they shall judge necessary" must fail as applied to situations where provision has not and perhaps could not have been made in advance at a regular session for such a special session. No method, however, can be supplied by implication that is not reasonably necessary to make effective this power of the General Court in its broader aspect. It is naturally to be implied that the adoption of a rule by the General Court at a regular session is at least an appropriate way of providing a method of assembling in a special session in aid of the power conferred by the Constitution. Compare *Opinion of the Justices*, 294 Mass. 623, 626–627. An essential feature of the method, however fixed, is that every member of each branch of the General Court shall have a reasonable opportunity to express in an orderly manner his opinion as to the necessity for a special session on a specified date. This opportunity seems to us to be afforded by the provision in the rules for notice to every such member of the date when the members of both branches shall assemble at the State House and for determination by vote by the members assembling whether it is necessary for the General Court to assemble in a special session. Apart from the provision for such a vote, however, no opportunity is afforded by either of the rules for the expression of the opinion of all the members as to the necessity of a special session. Whether or not an opportunity could be afforded by a rule in some other form need not be considered. Furthermore, the provision that the notice shall be sent by the clerks of the respective branches in accordance with directions given by members constituting majorities in both branches seems to us a

reasonable and adequate provision to be made by a rule adopted at a regular session of the General Court for notice to all the members of the General Court that the members of the General Court are to assemble on a specified date for the purpose of determining the necessity of a special session. We conclude that the method provided by the rules for determining whether a special session is necessary is, by reasonable implication from the constitutional grant of power to the General Court to assemble "at such other times as they shall judge necessary," a proper and constitutional method, and that a special session assembling in conformity therewith may constitutionally organize and transact business as a General Court.

In accordance with the principles stated, the specific questions are answered as follows:

The answer to the first question is "Yes," provided that every member of each branch of the General Court has a reasonable opportunity in an orderly manner to express an opinion as to the necessity of the General Court assembling in a special session at a specified date and it is determined that it is necessary for the General Court so to assemble. We need not consider in detail the propriety of any method of procedure other than that described in the proposed rules.

The answer to the second question is "Yes," provided that the determination of the necessity of assembling is made in a proper and constitutional manner.

The answer to the third question is "Yes," if the rule adopted provides a proper and constitutional method for so assembling.

The answer to the fourth question is "Yes."

It has not been practicable for Mr. Justice Qua, by reason of absence from the Commonwealth, to take part in the preparation of this opinion.

> Fred T. Field.
> Charles H. Donahue.
> Henry T. Lummus.
> Arthur W. Dolan.
> Louis S. Cox.
> James J. Ronan.