## OPINION OF THE JUSTICES.

May 10,
1944. } No. 3484a.

On March 29, 1944, The House of Representatives, then assembled in special session, by authority of Article 50, Part II, of the Constitution, adopted the following resolution:

"Resolved, that the Speaker of the House of Representatives is hereby instructed to obtain a ruling from the Supreme Court on the following questions:

"Does the General Court have a right to convene itself without the approval of the Governor and Council?

"If the General Court has a right to convene without approval, what proper procedure is necessary?"

The following answer was returned:

*To the House of Representatives:*

The Justices of the Supreme Court make the following answer to the inquiries contained in your resolution of March 29, 1944, as to

the right of the General Court to convene itself without the approval of the Governor and Council:

The Justices of this Court have many times declared that their advisory duty under Article 74, Part II, of the Constitution does not require them to furnish an opinion when the question submitted is not pending and awaiting action in the body propounding the inquiry. *Opinion of the Justices*, 90 N. H. 567. It is our conviction, however, that the reasons which require adherence to this rule do not exist in the present instance. Unlike the question considered in the above-cited opinion, the immediate inquiry is not made solely for the benefit of the next session of the Legislature. To quote the language of counsel: "An unforeseeable emergency, produced by the war, made necessary the assembly of the legislature for the special session recently adjourned. It is impossible to predict whether or when another such occasion will arise, and it may well be within the life of the present general court." Should such an occasion arise, no opportunity would then be afforded to obtain the advice now sought.

Moreover, the first question asked differs materially from most questions on which the members of the Court have declined to express advisory views. Usually such questions have related to the legality of proposed legislation, and if the General Court has adjourned while the inquiry is pending and there is no reasonable expectation of a subsequent session of the same Legislature, an answer has been deemed futile. *Opinion of the Justices*, 84 N. H. 584; *Opinion of the Justices*, 86 N. H. 607. Here, however, the question propounded relates to the constitutional authority of the General Court itself, and since there is a possibility, even though it be remote, that our opinion may be of use to the present Legislature in the performance of its official duty, we deem it obligatory on our part to return an answer. *Opinion of the Justices*, 79 N. H. 535. See also, *Opinion of the Justices*, 67 N. H. 600. Nor are precedents lacking for the return of an opinion after adjournment of the regular legislative session where the opinion has been requested for the guidance of the Legislature at a possible special session or at the next regular one. *Opinion of the Justices*, 84 N. H. 557; *Opinion of the Justices*, 84 N. H. 559, 562. See Journals N. H. Senate and House, 1929, *p.* 779; 1930, *p.* 3.

Article 3, Part II, of the Constitution contains the following provision: "The senate and house shall assemble biennially on the first Wednesday of January and at such other times as they may judge

necessary." These words are plain, simple, and direct. They cannot be construed to mean that the General Court is without authority to reassemble of its own volition after the adjournment of the regular session. They are to be read, however, in connection with Article 50, which provides that the Governor, with the advice of the Council, "shall have full power and authority, in the recess of the general court, to prorogue the same from time to time, not exceeding ninety days, in any one recess of said court."

We interpret the word "recess" to mean the period during which the General Court is not assembled either in regular or special session. The word "prorogue" appears to have been used in its original, primary sense of protract, prolong, or extend. See Webster's New International Dictionary (2d *ed.*). It follows that although the General Court has the power to convene without the consent of the Governor and Council, the date of its reassembling may be postponed by executive action under the authority of Article 50. This is but a typical example of the various checks and balances with which the Constitution abounds.

The procedure by which the General Court may call itself into special session is for the Senate and House of Representatives to decide, either by concurrent resolution or other appropriate action if the Legislature is in session, or, if not in session and no specific provision for reassembling exists, by some method which recognizes the rights of all members. As suggested in the brief of counsel, it is not our province to devise a proper method. Our authority is limited to advice on the correctness or incorrectness of specific acts contemplated by the body requesting our opinion. In this connection, however, your attention is called to *Opinion of the Justices*, 303 Mass. 664, 675, in which the Justices of the Supreme Judicial Court of Massachusetts, answering a somewhat similar inquiry propounded by the General Court of that commonwealth, declare: "An essential feature of the method, however fixed, is that every member of each branch of the General Court shall have a reasonable opportunity to express in an orderly manner his opinion as to the necessity for a special session on a specified date."

THOMAS L. MARBLE.
OLIVER W. BRANCH.
ELWIN L. PAGE.
HENRI A. BURQUE.
FRANCIS W. JOHNSTON.

*Alexander Murchie* and *Jonathan Piper* furnished briefs and argued the questions orally.