Request of the Senate
No. 7239

## OPINION OF THE JUSTICES

June 26, 1975

The following resolution was adopted by the senate on May 29, 1975, and filed with the supreme court on June 11, 1975:

"Whereas, there is presently pending before the Senate 1975 House Bill 868, prohibiting oil producers and refiners from operating retail gasoline stations and requiring oil suppliers to treat gasoline dealers uniformly; and

"Whereas, the question has been raised as to the constitutionality of certain portions of said bill and as to the constitutionality of a proposed amendment to said bill; now, therefore, be it Resolved by the Senate:

"That the Justices of the Supreme Court be respectfully requested to give their opinion on the following questions:

"1. Do the provisions of House Bill 868 as passed by the house violate any of the provisions of the United States or New Hampshire Constitutions?

"2. Do the provisions of the proposed amendment to House Bill 868 violate any of the provisions of the United States or New Hampshire Constitutions?

"That the clerk of the Senate forward ten copies of these resolutions, ten copies of House Bill 868 and ten copies of the proposed amendment to House Bill 868 to the Justices of the Supreme Court."

The following answer was returned:

*To the Honorable Senate:*

The two questions submitted are: (1) whether House Bill No. 868

which proposes to prohibit producers and refiners of petroleum products from operating retail gasoline stations in the State and requires suppliers of petroleum products to uniformly treat dealers buying from them would violate either the Federal or New Hampshire Constitution; (2) whether the proposed senate amendment to No. 868, permitting producers and refiners which do not lease or franchise any retail gasoline stations to operate such stations, violates either the Federal or the State Constitution.

As passed by the State house of representatives, House Bill No. 868 proposes two additional sections to the nine already in RSA ch. 339-C (Regulation of Gasoline Franchises); *see* Laws 1974, 24:1. The house's version of RSA 339-C:10 (Producers and Refiners Prohibited from Operating Retail Outlets) provides that "[a]fter January 1, 1977, a producer or refiner of petroleum products may not operate, directly or indirectly, a retail outlet in this state which sells gasoline to the motoring public." The amendment proposed by the senate adds the following proviso to the house's version: "provided, however, that such a producer or refiner may so operate such retail outlets if such producer or refiner does not, directly or indirectly, lease to others or franchise to others any retail gasoline outlets in this state."

On June 11, 1975, this court provided notice that typewritten memoranda on the questions presented by your request might be furnished by any attorney, legislator, organization, interested party or member of the public before Wednesday, June 18, 1975. While several memoranda opposing the proposal on constitutional grounds were submitted by major oil companies *(See Exxon Corporation v. Conner,* No. 74-1449 [Cir. Ct. of Fla., 2d Cir., Jan. 23, 1975]), no memoranda were received in favor of the proposed legislation.

The constitutional duty of this court is to render advisory opinions on pending legislation. N.H. CONST. pt. II, art. 74; *see Opinion of the Justices,* 98 N.H. 537, 104 A.2d 208 (1954); *Opinion of the Justices,* 93 N.H. 474, 475, 37 A.2d 478, 479 (1944). Since the legislature will not have an opportunity to consider House Bill No. 868 prior to its imminent adjournment and since a balanced presentation of opposing views on the important constitutional issues raised by the proposals has not been presented to this court, we respectfully request to be excused from rendering an advisory opinion. Note, 72 Harv. L. Rev. 723, 732 (1959); Comment, 69 Harv. L. Rev. 1302, 1308-09 (1956); Field, *The Advisory Opinion – An Analysis,* 24 Ind. L.J. 203, 214 (1949). "It must be remembered that advisory opinions are not

merely advisory opinions. They are ghosts that slay." F. Frankfurter, *A Note On Advisory Opinions,* 37 Harv. L. Rev. 1002, 1008 (1924).

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

June 26, 1975.

William C. Whittemore, staff attorney for Mobil Oil Corporation, filed memorandum of law.

Stacey W. Cole, executive director of New Hampshire Petroleum Council, filed memorandum.

Robert T. Haslam, senior public relations representatives for Exxon Company, U.S.A., filed memorandum.

J. William Dalgetty, regional attorney for Mobil Oil Corporation, filed memorandum.