Request of Governor and Council
No. 7403

OPINION OF THE JUSTICES

December 19, 1975

The following resolution was adopted by the Governor and Council on December 15, 1975, and filed with the supreme court on December 15, 1975:

"WHEREAS,

(I) Part 2, Article 50 of the New Hampshire Constitution authorizes the Governor, with the advice of the Council, to call the General Court together 'sooner than the time to which it may be adjourned, or prorogued, if the welfare of the state should require the same.';

(II) Part 2, Article 19 of the New Hampshire Constitution which had read '[T]he house of representatives shall have power to adjourn themselves, but no longer than five days at a time.' was amended in 1966 to read '[T]he house of representatives shall have the power to adjourn themselves.';

(III) Part 2, Article 36 of the New Hampshire Constitution which had read '[T]he senate shall have power to adjourn themselves, provided such adjournment do not exceed five days at a time. *Provided nonetheless,* that whenever they shall sit on the trial of any impeachment, they may adjourn to such time and place as they may think proper al-

though the legislature be not assembled on such day, or at such time.' was amended in 1966 to read '[T]he senate shall have power to adjourn themselves, and whenever they shall sit on the trial of any impeachment, they may adjourn to such time and place as they may think proper although the legislature be not assembled on such day, or. at such place.';

(IV) In December of 1971, both houses of the General Court stood in adjournment subject to the joint call of their presiding officers, and Governor Peterson and the Council believed it necessary to call the Legislature together for the welfare of the State. In light of the 1966 amendments to Part 2, Articles 19 and 36 of the New Hampshire Constitution, the Governor requested the Attorney General to render an opinion as to whether the Governor and Council could call the legislature together;

(V) The Attorney General ruled on December 8, 1971, that the Governor and Council did have the power to call the General Court together when required by the welfare of the State, when each house had adjourned itself, but he noted that unless there would be an adjournment or prorogation of the General Court, with its agreement, by the Governor, with advice and consent of the Council, any such meeting of the General Court would be a continuation of the regular session so that the members would not be entitled to per diem and mileage payments under Part 2, Article 15.

(VI) In accordance with that opinion of the Attorney General, on January 6, 1972 each of the houses assembled and passed a concurrent resolution designating a committee to wait upon the Governor to 'inform him that the Legislature ... [had] completed the business of the session and ... [was] ready to be adjourned until the last Wednesday of December and to receive any

communication which he ... [might] wish to make.', following which the Governor appeared and prorogued the General Court, following which a special session was called by the Governor and Council on February 1, 1972 which commenced on February 8, 1972;

(VII) The House of Representatives, on July 7, 1975, adjourned 'to the call of the speaker.' (1975 Journal of the House 1921);

(VIII) The Senate, on June 26, 1975, adjourned 'to the call of the Chair.' (1975 Journal of the Senate 1046);

(IX) Thus, both houses adjourned without the adjournment or prorogation by the Governor with the advice of the Council authorized by Part 2, Article 50 of the New Hampshire Constitution;

(X) The Governor and Council believe that the welfare of the State requires that the General Court be called together in order to consider a crisis in group medical and hospital insurance;

(XI) The Speaker of the House of Representatives has publicly questioned, in a press release dated December 15, 1975, whether 'the Governor [can] recall the Legislature if it is adjourned to the call of its presiding officers.'

(XII) The Speaker has also questioned whether any assembly of the Legislature at the call of the Governor and Council under Part 2, Article 50 would, on the existing facts, be a continuation of the regular session or a special session, and it is his position that such assembly of the General Court would be a special session for purposes of mileage and per diem payments under Part 2, Article 15, contrary to the opinion of the Attorney General dated December 8, 1971;

(XIII) The Governor and Council understand that the President of the Senate similarly believes that

there are two genuine questions, as raised by the Speaker.

(XIV) Since the welfare of the State and its citizens demand the prompt attention of the General Court, and since apparent disagreement over the power of the Governor and Council under the present circumstances and disagreement over legislative mileage and per diem payments will undoubtedly be raised at some point in the near future and will until settled compete for the attention of all parties involved with those serious concerns which prompt the Governor and Council to plan to call the General Court into session under Part 2, Article 50. This situation constitutes a solemn occasion in which important questions of law are presented, on which questions the guidance of the Justices of the Supreme Court would be most valuable;

"NOW, THEREFORE, BE IT RESOLVED that the Justices of the Supreme Court be respectfully requested to give their opinion on the following important questions of law:

(1) Did the 1966 amendments to Part 2, Articles 19 and 36 of the New Hampshire Constitution, which by their own terms and as presented to the voters merely deleted the five day limitation on self-adjournment by the Legislature, by implication remove from the Governor and Council the power granted in Part 2, Article 50 of the New Hampshire Constitution to call the Legislature together when the General Court stands in adjournment if the welfare of the State so requires?

(2) If the answer to question 1 is no, if the Governor, with the advice of the Council, issues a call to the General Court to return to session under these circumstances, without the further act of adjournment or prorogation by the Governor with the advice of the Council, will the resulting session be a continuation of the regular session, as the Attorney General has advised, or will it be a

'special session' within the meaning of Part 2, Article 15 of the New Hampshire Constitution?

"AND BE IT FURTHER RESOLVED that the Secretary of State be directed to transmit six attested copies of this resolution to the Clerk of the Supreme Court."

The following answer was returned:

*To His Excellency the Governor and the Honorable Council:*

The undersigned justices of the supreme court give the following answers to the questions contained in your resolution adopted on December 15, 1975, and filed with us on the same day.

Your first question asks whether the 1966 amendment to part II, arts. 19 and 36 of the State constitution, which removed the five-day limitation on the power of the legislature to adjourn itself, by implication removed from the Governor and Council the power to call the general court together when it stands in adjournment if the welfare of the State so requires. Our answer to this question is "No."

Part II, article 50 reads as follows: "The governor, with advice of council, shall have full power and authority, in the recess of the general court, to prorogue the same from time to time, not exceeding ninety days, in any one recess of said court; and during the sessions of said court, to adjourn or prorogue it to any time the two houses may desire, and to call it together sooner than the time to which it may be adjourned, or prorogued, if the welfare of the State should require the same."

Giving the house and senate the power to adjourn themselves is not inconsistent with the power of the Governor and Council under part II, article 50 to call the general court together "if the welfare of the state should require the same". Nothing in the texts or descriptions presented to the voters in 1966 suggested in any way that the adoption of the amendments to part II, articles 19 and 36 would "by implication remove from the Governor and Council the power granted in Part 2, Article 50." The amendments to articles 19 and 36 have no such effect. *Gerber v. King,* 107 N.H. 495, 225 A.2d 620 (1967). "In this state the climate for repeal by implication is frosty and inhospitable." *Opinion of the*

*Justices,* 107 N.H. 325, 328, 221 A.2d 255, 257 (1966).

The house and senate are styled "The General Court of New Hampshire." N.H. Const. pt. II, art. 3. When the house and senate are adjourned subject to the call of their presiding officers, the general court is adjourned since the term "general court" is simply the style given the house and senate. The power given to the Governor with advice of Council in article 50 "to call it together" exists when the house and senate are not assembled for whatever reason. Each house being in adjournment at the call of its presiding officers, they are not assembled, and the Governor with advice of Council may call the general court together "if the welfare of the state should require it."

Your second question asks: If the Governor with the advice of Council should call the general court together under part II, article 50 without the further act of adjournment or prorogation by the Governor with the advice of Council, will the resulting session be a special session or a continuation of the regular session within the meaning of part II, article 15? Our answer is that such a session would be a special session within the meaning of part II, article 15.

The effect of the 1966 amendments was to give each house the right to adjourn itself without limitation, thereby furnishing a method of adjournment of the general court independent of and in addition to the method supplied by part II, article 50. *See In re Opinion of the Justices,* 303 Mass. 664, 22 N.E.2d 261 (1939). Both the house of representatives and the senate have adjourned themselves under authority of part II, articles 19 and 36, respectively, subject to the call of their presiding officers. No such call has been issued.

If the Governor with advice of Council should call the general court "together sooner than the time to which it may be adjourned" (pt. II, art. 50), in this case at the call of their presiding officers, such a session would be a "special session" within the meaning of part II, article 15 which expressly recognizes this as one of two methods of calling a special session.

Frank R. Kenison
Laurence I. Duncan
Edward J. Lampron
William A. Grimes
Robert F. Griffith

Governor Meldrim Thomson, Jr., and the Executive Councilors Lyle E. Hersom, James H. Hayes, Leon G. Yeaton, Louis D'Allesandro and Bernard A. Streeter, Jr., by Warren B. Rudman, attorney general, David H. Souter, deputy attorney general, and Assistant Attorneys General Thomas D. Rath, Richard V. Wiebusch and Attorney James E. Morris, filed memorandum of law.

Alf E. Jacobson, president of the senate, filed memorandum of law.

George B. Roberts, Jr., speaker of the house of representatives, by Michael R. LaFontaine, Esq., filed memorandum of law.

Marshall French, majority leader, Ruth L. Griffin, majority whip, Philip R. Currier, assistant majority leader, Elaine T. Lyons, assistant majority leader, Richard P. Brouillard, assistant majority whip, Elizabeth A. Greene, assistant majority whip, Russell C. Chase, chairman, majority caucus committee, filed memorandum of law.

Henry C. Newell filed memorandum of law.

Dan O'Connell filed memorandum of law.

## Addendum

After our advisory opinion in this matter was returned on December 19, 1975, the attorney general filed a petition for reconsideration and clarification of the opinion. It was stated at oral argument that the attorney general was not representing the Governor and Council or acting at their request. The petition in effect seeks advisory opinions on questions with respect to matters not before the Governor and Council and on which they have not sought an opinion. We may not properly respond to such a request. Opinion of the Justices, 93 N.H. 474, 37 A.2d 478 (1944); Opinion of the Justices, 98 N.H. 537, 104 A.2d 208 (1954).

The advisory opinion, however, is modified only to eliminate language not necessary to the answers returned by striking out in the first sentence in the next to the last paragraph the words "thereby furnishing a method of adjournment of the General Court independent of and in addition to the method supplied by pt. II, art. 50."

FRANK R. KENISON
LAURENCE I. DUNCAN
EDWARD J. LAMPRON
WILLIAM A. GRIMES
ROBERT F. GRIFFITH

694

February 25, 1976

Warren B. Rudman, attorney general, David H. Souter, deputy attorney general, and Richard V. Wiebusch, W. John Funk, and James E. Morris, assistant attorneys general.

George B. Roberts, Jr., speaker of the house of representatives, by Michael R. LaFontaine, Esq., filed memorandum of law.