Original,
No. 5290.

STATE *ex rel* NORMAN McLETCHIE & a.

*v.*

LACONIA DISTRICT COURT.

Argued October 6, 1964.
Decided October 9, 1964.

*William Maynard,* Attorney General and *R. Peter Shapiro,* Assistant Attorney General (*Mr. Shapiro* orally), for the State.

*Wescott & Millham* (*Mr. Peter V. Millham* orally), for Russell Fielders.

PER CURIAM. Since the complaint charged the defendant Fielders with an offense beyond the jurisdiction of the Laconia district

court to try, its jurisdiction was limited to binding the defendant over to the Superior Court pending action by the grand jury. RSA 502-A:11, 13 (supp). In such case the statute provides that the defendant shall be committed "if just cause appears . . . to hold the accused to answer at the superior court . . . " for an offense not bailable by the justice. RSA 596:7.

The purpose of the preliminary hearing is to determine that an offense has been committed and that there is probable cause to believe the defendant has committed it. Orfield, Criminal Procedure From Arrest To Appeal, 90. See *Id.*, 72; 14 Am. Jur., Criminal Law, 935, *s.* 241. As otherwise stated, the primary purpose of the hearing is to "inquire concerning the commission of crime and the connection of the accused with it, in order that he may be informed of the nature and character of the crime charged against him, and, if there is probable cause for believing him guilty, that the state may take the necessary steps to bring him to trial." 22 C.J.S., Criminal Law, 843, *s.* 331. It is equally well settled that the hearing is not a judicial trial of the issue of the guilt or innocence of the accused, but rather a judicial inquiry to determine whether reasonable ground or "probable cause" exists for detention of the accused pending presentation of evidence to a grand jury. See *State* v. *Spindel*, 24 N. J. 395, 407. Thus the defendant is not entitled to a full-fledged criminal trial in the district court, which has no jurisdiction to determine guilt. Questions apart from the issue of whether probable cause is established will be determined by the Superior Court, rather than on preliminary hearing before the district court.

In this jurisdiction, by practice and statutory provision, a defendant may examine witnesses at a preliminary hearing, and may present witnesses on his own behalf. RSA 596:6 authorizes the justice upon preliminary examination to exclude from the place of examination and to keep separate and apart from each other, "any of the witnesses *for* or against *the accused.*" (Emphasis supplied). The plain import of this provision, that witnesses for the accused are to be heard, is confirmed by examination of the provisions of the Massachusetts statute from which RSA 596:6, *supra*, was originally taken. General Statutes of Massachusetts (1860) *ch.* 170, *s.* 22. See marginal note, Report of the N. H. Commissioners to Revise the Statutes (1867) *c.* 241, *s.* 20; General Statutes of New Hampshire (1867) 240:

20. Section 21 of the cited Massachusetts statutes expressly provided for examination of "the witnesses for the prisoner, if he has any." See also, *People* v. *Smalley*, 201 N.Y.S. (Sup. Ct.) 39; *People* v. *White*, 188 N.Y.S. (2d) (Cty. Ct.) 585.

That such was the practice in this jurisdiction before adoption of G. S. (1867) 240:20, *supra*, is indicated by the early "Form of the Record of Examination" providing in part as follows: "and thereupon after hearing the evidence offered as well on the part of said [defendant] as in behalf of the said State. . . ." New Hampshire Justice of the Peace (1824) *pp*. 23, 24; Richardson's New Hampshire Justice of the Peace (1831) *p*. 32.

We conclude that the district court did not err in permitting the defendant in the case before it to call witnesses on his own behalf. The statute plainly allows the defendant to submit himself to examination if he chooses (RSA 596:2-5), and we consider that he is likewise entitled to call witnesses on his own behalf to testify to matters which are admissible, and which serve to show lack of probable cause.

It should be borne in mind however, that the settled law here is that a criminal defendant charged with a misdemeanor may not take depositions in advance of arraignment and plea, and one charged with a felony may not do so before indictment (*State* v. *Myal*, 104 N. H. 188; *State* v. *Naud*, 73 N. H. 531); and that his right to compel the production of written statements, investigations and reports after indictment is closely circumscribed. *State ex rel Regan* v. *Superior Court*, 102 N. H. 224, 227. The record before us discloses no ruling by the district court as to what if anything it will require the witnesses in question to produce. Consequently we decline to speculate upon the probable admissibility, status as an attorney's work product, or relevance to the issues presented by the preliminary hearing, of any writings which may be sought. In passing upon such questions when and if presented, the district court will be governed by settled principles, and consideration of the rules of *State* v. *Myal*; *State* v. *Naud*; and *State ex rel Regan* v. *Superior Court*, *supra*.

*Petition dismissed.*