Jaffrey Municipal Court,
No. 5356.

### Katherine Hayes *& a.* v. Roland Archambault.

Argued June 2, 1965.
Decided October 5, 1965.

*Maurice M. Blodgett* and *Norman H. Makechnie* (*Mr. Makechnie* orally), for the plaintiffs.

*Bell, Bell & Shortlidge* and *William H. Kennedy* (*Mr. Kennedy* orally), for the defendant.

Wheeler, J. Two actions in case brought by Katherine and Harvey C. Hayes, Jr. to recover for personal injury and property damage arising out of an automobile accident which occurred November 27, 1962.

The writs in each case had an ad damnum of $500. After hearing the court found a verdict for $500 for each plaintiff with costs. Defendant's counsel claimed an appeal to the Superior Court on March 21, 1964, which was denied on August 11, 1964.

All questions of law raised by the denial of defendant's claim of appeal were reserved and transferred by *Sawyer*, justice.

The defendant relies upon the following statute as the basis for the right to appeal to the Superior Court. "CIVIL CAUSES. Either party may appeal from the judgment of a justice of a municipal court in a civil cause, to the superior court." Laws 1957, *c.* 244, which became RSA 502:39 (supp), and was repealed by Laws 1963, 331:6, effective July 1, 1964.

In effect at the time the appeal was claimed was the following pertinent statute: "TRANSFER TO SUPREME COURT. In municipal courts located in cities and towns having a population of fifteen hundred or more, the finding of facts shall be final; but questions of law may be transferred to the supreme court in the same manner as from the superior court." RSA 502:24.

Prior to the enactment of chapter 244, Laws 1957, the following statute relating to appeals was in effect. "APPEALS. Except as herein otherwise provided, appeals may be taken from judgments of municipal courts in the same manner and upon the same conditions as from justices of the peace." RSA 502:25. In 1957 the Legislature upon recommendation of the Judicial Council repealed chapter 501 RSA entitled "JUSTICE COURTS AND CIVIL PROCEEDINGS THEREIN" and enacted chapter 244, Laws 1957. See Sixth Report of the Judicial Council (1956) *pp.* 37, 90.

With the repeal of RSA ch. 501, the reference in RSA 502:25 to "appeals . . . in the same manner and upon the same conditions as from justices of the peace" became meaningless. Consequently RSA 502:25 was also repealed. Laws 1957, 244:4. The language of RSA 501:9 was adapted to appeals from municipal courts and transposed to RSA ch. 502, becoming RSA 502:39 (supp). The defendant contends that RSA 502:39 (supp) is inconsistent with RSA 502:24 and being more recent in point of time by implication repealed RSA 502:24.

In 1950 the court in interpreting statutes practically identical in form as those now before us held that the words of what is now RSA 502:24 "the finding of facts shall be final," precluded a trial *de novo* in the Superior Court and were intended to prevent duplication of fact finding there. It was so held, despite the provisions of R. L., *c.* 376, *s.* 9 as amended, which corresponded to RSA 502:39 (supp) *supra. Young* v. *Melanson,* 96 N. H. 136. We do not think the Legislature by its enactment of Laws 1957, *c.* 244, repealing RSA 502:25, and transposing RSA 501:9 into RSA 502:39 (supp) intended or in effect repealed

RSA 502:24 by implication. Rather did it carry forward and reconfirm the interpretation given to these provisions by *Young* v. *Melanson, supra.*

The law does not favor repeal by implication if any other reasonable construction may avoid it. *Gauthier* v. *Gosselin*, 94 N. H. 496. "The occasion for employment of the rule must be evidence of convincing force." *State* v. *Wilton Railroad*, 89 N. H. 59, 61. No such compelling evidence exists here.

*Exceptions overruled; judgment for the plaintiffs.*

All concurred.