Request of Governor and Council,
No. 5519.

OPINION OF THE JUSTICES.

Submitted June 17, 1966.
Answer returned July 15, 1966.

The Governor and Council assembled in executive session May 31, 1966 adopted the following resolution, which was filed in this court June 1, 1966:

"WHEREAS, on August 5, 1955, the Legislature enacted Chapter 326 of the Laws of 1955, which provided for a commission to make a study of the Lake Winnipesaukee area with a view to the establishment of state parks on Lake Winnipesaukee, with a report to be made to the Governor of its recommendation for such sites; and

"WHEREAS, Chapter 326 of the Laws of 1955 further contained an appropriation of Two Hundred and Fifty Thousand Dollars

for the purchase of sites by the Governor with the consent of the Council, and it limited expenditure for any one site to One Hundred Thousand Dollars; and

"WHEREAS, Chapter 326 of the Laws of 1955 further provided that no site shall be nearer than eight shore miles from another and that the power of eminent domain shall not be used in acquiring these sites; and

"WHEREAS, in accordance with the provisions of Chapter 326 of the Laws of 1955, two sites were acquired:

Seventy-five ( 75 ) acres in Gilford, which is now Ellacoya State Park, and

Three hundred and fifteen ( 315 ) acres on Braun Bay on Moultonborough Neck, which remains undeveloped; and

"WHEREAS, on July 6, 1961, the Legislature enacted Chapter 263 of the Laws of 1961, entitled: 'An Act to Provide for the Expansion of the State Park System'; and

"WHEREAS, Chapter 263 of the Laws of 1961 contained an appropriation of nine million dollars for the purposes and projects authorized therein, upon approval of the Governor and Council; and

"WHEREAS, on July 6, 1965, the Legislature enacted Chapter 281, Section 22 of the Laws of 1965, which amended Chapter 263 of the Laws of 1961, and in part provided for an appropriation of One Million Dollars for a Winnipesaukee State Park, subject to the availability of fifty per cent federal funding of such project; and

"WHEREAS, it has been proposed by the Division of Parks of the Department of Resources and Economic Development to expend the sums appropriated by Chapter 281, Section 22 of the Laws of 1965, for a Winnipesaukee State Park by acquiring by eminent domain property adjacent and contiguous to the 315 acres on Braun Bay on Moultonborough Neck, which was acquired in accordance with the provisions of Chapter 326 of the Laws of 1955; and

"WHEREAS, a question has been raised as to the legality of expanding the 315 acre site on Braun Bay on Moultonborough Neck in view of the provisions of Chapter 326 of the Laws of 1955 which state that the power of eminent domain shall not be used in acquiring these sites; and

"WHEREAS, this is a solemn occasion which raises an important question of law upon a matter now pending before the Governor and Council.

"RESOLVED by Governor and Council assembled in regular session on May 31, 1966, that the opinion of the Justices of the Supreme Court be respectfully requested upon the following question:

"Does the provision in Chapter 326 of the Laws of 1955 which prohibits acquisition by the power of eminent domain of sites on Lake Winnipesaukee as therein provided, apply to the proposed expansion of the 315 acre site on Braun Bay on Moultonborough Neck as proposed out of the appropriation contained in Chapter 281, Section 22 of the Laws of 1965?"

The following answer was returned:

*To his Excellency the Governor and the Honorable Council:*

The undersigned Justices of the Supreme Court submit the following advisory opinion to the question contained in your resolution filed in this court on June 1, 1966. The question submitted reads as follows:

"Does the provision in Chapter 326 of the Laws of 1955 which prohibits acquisition by the power of eminent domain of sites on Lake Winnipesaukee as therein provided, apply to the proposed expansion of the 315 acre site on Braun Bay on Moultonborough Neck as proposed out of the appropriation contained in Chapter 281, Section 22 of the Laws of 1965?"

For the reasons hereinafter stated we conclude that the answer to the question is "yes."

Laws 1955, chapter 326, "An act providing for a study and establishment of recreational areas in the Lake Winnipesaukee region" provided in section 4 thereof for an appropriation of two hundred fifty thousand dollars for the purchase of sites for recreational facilities at Lake Winnipesaukee. The last two sentences of section 4 read as follows: "Not more than one hundred thousand dollars shall be paid for any one site and no site shall be nearer than eight shore miles from another. The power of eminent domain shall not be used in acquiring these sites." It is evident that the Legislature was cognizant of the fact that property acquired by the State was tax exempt and this presented a problem to towns bordering on Lake Winnipesaukee in a state where the property tax bears a heavy and increasing burden for the support of local government. Consequently the Legislature placed three specific restrictions on the acquisition of land for recreational

facilities in the Lake Winnipesaukee region. First, one hundred thousand dollars was the limit that could be paid for any one site. Secondly, no site could be nearer than eight shore miles from another. Thirdly, the power of eminent domain was prohibited in acquiring any site. Pursuant to the provisions of section 4 of the 1955 statute the State acquired three hundred fifteen acres on Braun Bay on Moultonborough Neck for which it paid the maximum amount permitted of one hundred thousand dollars and which property has remained undeveloped since it was purchased.

Laws 1961, chapter 263 provided for a nine-million-dollar bond issue "for expansion of the state park system." This statute made no reference to the Braun Bay property in Moultonborough or to any particular site and there is no provision in the 1961 statute which repeals or amends Laws 1955, 326:4. No part of the nine-million-dollar bond issue was used to develop the Braun Bay property. In the closing days of the 1965 Legislature the 1961 statute was amended by appropriating moneys for various capital improvement projects with the proviso that no appropriation could be expended unless matching federal funds were available for that specific project. One of the specific appropriations reads in its entirety as follows:

"Winnipesaukee State Park                    $1,000,000"
Obviously there is nothing in the 1965 statute (Laws 1965, 281: 22) which purports to repeal the 1955 statute.

In a helpful memorandum filed by Carl C. Jones, Esq. there is a thorough analysis of the legislative history of the 1955, 1961 and 1965 legislation. Without attempting to repeat it or paraphrase it, it is sufficient to say that we are convinced from that analysis that there was no intent expressed to repeal the provision which prohibits the use of eminent domain in connection with the Braun Bay property on Moultonborough Neck.

There remains the question whether there is anything in the 1961 or 1965 statutes which repeals the restrictive provisions of the 1955 statute by implication. In this state the climate for repeal by implication is frosty and inhospitable. "The law does not favor repeal by implication if any other reasonable construction may avoid it." *Hayes* v. *Archambault,* 106 N. H. 434, 436. This is a doctrine of long standing in this state and if an implied repeal is to prevail it must be demonstrated by evidence of convincing force. *State* v. *Wilton Railroad,* 89 N. H. 59, 61; *Gauthier* v. *Gosselin,* 94 N. H. 496.

Laws 1961, 263:3 provided for the acquisition of recreational facilities "by purchase or gift." The acquisition of property by purchase or gift does not include the acquisition of property by the power of eminent domain. *Cf. Claremont Co.* v. *Putney,* 73 N. H. 431; *Goodrich Falls Co.* v. *Howard,* 86 N. H. 512, 514-515. Our examination of the statutes beginning in 1955 and ending in 1965 in the light of their legislative history leads us to the definite conclusion that the question transferred by the Governor and Council requires an affirmative answer. Consequently the prohibition against use of the power of eminent domain contained in the 1955 Act also applies to use of the appropriation contained in the 1965 Act for the proposed expansion of the Braun Bay site on Moultonborough Neck.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

July 15, 1966.

Memorandums were filed by *Richard F. Upton,* Esq. for the town of Moultonborough, *Carl C. Jones,* Esq. and other interested persons.