Keene District Court,
No. 5701.

STATE

*v.*

KENNETH KEATING.

Argued December 6, 1967.
Decided December 29, 1967.

*George S. Pappagianis,* Attorney General and *G. Wells Anderson,* Assistant Attorney General (*Mr. Anderson* orally), for the State.

*Bell & Kennedy* (*Mr. Ernest L. Bell III* orally), for the defendant.

GRIFFITH, J. On August 16, 1967, at 10:10 P. M. cruiser officer Moffitt of the Keene police department stopped the defendant's car on Main Street after having observed the defendant commit the offense of speeding, a misdemeanor. Moffitt was on the way to answer an emergency call, and instructed the defendant to go to the police station and wait for him there. When Moffitt later went to the station he found that the defendant had not been there. The defendant was located later in the evening by another officer who required the defendant to wait until Moffitt arrived and took him to the police station at approximately 2:10 A. M. The defendant posted bail and appeared in court August 22 to answer to a complaint for speeding. At the conclusion of the State's case the defendant moved to dismiss on the ground that there had been an illegal arrest. The court found that there had been an illegal arrest, but denied the motion to dismiss on the grounds that this had no effect on the case.

It is unnecessary to decide whether the defendant was legally arrested since even if he were not the motion to dismiss was properly denied. The defendant was before the court and pleaded to a complaint drawn subsequent to the arrest.

The universal rule appears to be that the manner in which a defendant is brought before a court is no bar to the court's jurisdiction to try the case nor may it successfully be set up as a bar to a conviction. *State* v. *Baron,* 106 N. H. 149, 150; *Albrecht* v. *United States,* 273 U. S. 1, 3; *People* v. *Smith,* 11 Ill. 2d 280; *White* v. *United States,* 328 F. 2d 304 (8th Cir. 1964); *Howard* v. *District of Columbia,* 132 A. 2d 150 (D.C. App. 1957); *People* v. *Miller,* 235 Mich. 340; *Commonwealth* v. *Gorman,* 288 Mass. 294. See 22 C.J.S., Criminal Law, *s.* 144; 5 Am. Jur. 2d, Arrest, *s.* 116; 21 Am. Jur. 2d, Criminal Law, *s.* 380; Annot. 56 A.L.R. 260.

The true reason for the rule lies in the fact that the illegal arrest is not relevant to his trial and conviction under a subsequent valid complaint. We are not here concerned with evidence tainted because it has been seized as a result of an illegal arrest nor with a confession obtained as a result of an illegal arrest. The defendant was in court to answer a valid complaint; if he had not appeared a warrant could properly have been issued for his arrest. Neither the complaint nor the evidence that brought about his conviction were the result of his arrest.

*Exception overruled.*

All concurred.