Original,
No. 5890.

STEVEN ARLEN

*v.*

KEENE DISTRICT COURT.

Submitted February 5, 1969.
Decided March 20, 1969.

*Bell & Kennedy* (*Mr. Ernest L. Bell, III*), for the plaintiff.

*George S. Pappagianis,* Attorney General and *Henry F. Spaloss,* Assistant Attorney General, for the defendant, filed no brief.

PER CURIAM. This petition for a writ of certiorari was filed in this court on December 13, 1968. It seeks to require the Keene district court to transfer to this court an issue relating to the validity of a ruling by that court excluding testimony sought to be presented by the plaintiff's appointed counsel, at a preliminary hearing held on December 3, 1968 on a complaint charging the plaintiff with the offense of robbery under RSA 585:18.

After filing the petition the plaintiff moved this court for a stay of all proceedings, including presentment to the Cheshire County grand jury on January 22, 1969. The State filed answers seeking dismissal of the petition and denial of the motion. On January 20, 1969 the motion was denied.

The plaintiff was indicted by the grand jury and subsequently filed in this court a "statement" in support of his petition for certiorari that the question arising out of his preliminary hearing is not moot "because to so hold would nullify the probable cause

hearing and deny the plaintiff's rights of review of errors committed thereat." Since his contention might be renewed by the plaintiff in the criminal proceeding pending in the Superior Court, we do not dispose of the petition upon the ground of mootness, but consider it now.

The issue sought to be presented arises from the exclusion by the district court of the testimony of certain persons present at the preliminary hearing whom plaintiff's counsel desired to call to the stand, although their identity and probable testimony were unknown to him and to the plaintiff. There had been evidence that the plaintiff was identified by an unidentified person at a police line-up, and the confession of a co-defendant had referred to a "young feller" encountered on the night of the robbery. When a man and a boy were about to leave the hearing, plaintiff's counsel sought to call them as witnesses, surmising that they "had knowledge which might well tend to show lack of probable cause as to Arlen."

Accepting the representation of plaintiff's counsel as to what transpired at the hearing as true, we conclude that the issue sought to be raised is disposed of by our decision in *Smith* v. *O'Brien*, 109 N. H. 317, decided this day. The plaintiff was unable to make an offer of proof as to what the testimony of the witnesses would be. He was not entitled to use the preliminary hearing for discovery alone. *Smith* v. *O'Brien*, *supra*. In the circumstances the ruling of the district court was proper. *Foster* v. *Commonwealth* (Va.), 163 S. E. 2d 565.

No contention is made that the evidence received did not warrant the finding of probable cause. At most the testimony sought to be obtained could present only issues of credibility which the court was not called upon to determine. *Smith* v. *O'Brien*, *supra*. The subsequent indictment supplants the district court proceedings, and no constitutional issues are involved. *Id.* The order is

*Petition denied.*

LAMPRON, J., did not sit.