Grafton,
No. 6052.

PETER JEWETT *v.* WILLIAM SIEGMUND.

March 31, 1970.

*Laurence F. Gardner* by brief and orally, for the plaintiff.

*Warren B. Rudman,* Attorney General and *W. Michael Dunn,* Assistant Attorney General ( *Mr. Dunn* orally ), for the defendant.

KENISON, C. J.   Appeal from the denial of plaintiff's petition for a writ of habeas corpus by the Grafton County Superior Court, *Flynn,* J. The plaintiff was charged with murder in the first degree of one John F. Balch and was bound over to the Grafton County Grand Jury after a hearing on probable cause in the Hanover District Court. Plaintiff's petition for habeas corpus in the Superior Court alleged that the Hanover District Court was without juris-diction because the evidence was insufficient for a determination that there was probable cause that murder in the first degree had been committed and that the plaintiff had committed it.

Plaintiff submitted his case in the Superior Court on the basis of the transcript and hearing in the Hanover District Court and a legal memorandum in support of his position. There was no new or further evidentiary hearing in the Superior Court. The Superior Court ( *Flynn,* J. ) ruled that the District Court was warranted in finding that there was probable cause to hold the plaintiff to answer further for the charge of murder in the first degree and dismissed the plaintiff's petition on March 9, 1970. Plaintiff's exception to the rulings and order were reserved and transferred by the presiding justice.

As has been indicated in this jurisdiction on several occasions, a preliminary hearing is not a substitute for a judicial trial to determine the guilt or innocence of a defendant. RSA 596-A:7 ( supp ); *State ex rel McLetchie* v. *Laconia District Court,* 106 N. H. 48, 205 A.2d 534. In *Smith* v. *O'Brien,* 109 N. H. 317, 318 it was stated that the preliminary hearing " . . . is not a judicial trial of the issue of guilt or innocence, a question which the district court has no jurisdiction to determine . . . RSA 502-A:11, 13; 596-A:7 ( supp )." The same thought was expressed in *State* v. *Chase,* 109 N. H. 296, 297, 249 A.2d 677 in the following language: "In this state the preliminary hearing is not a judicial trial of the issue of guilt or innocence of the accused but rather is a judicial inquiry to determine whether probable cause exists for the accused to be bound over to a grand jury." *See also Arlen* v. *Keene District Court,* 109 N.H. 331, 251 A.2d 321; Miller, Prosecution: The Decision To Charge A Suspect With A Crime, Ch. 5 ( 1969 ).

The plaintiff contends that there was no evidence from which it could be found that he acted with malice, premeditation and deliberation when the shot was fired that killed John Balch on January 17, 1970. It is true that there is no direct testimonial evidence to that effect. However the testimony of an eyewitness presented circumstantial evidence from which these elements of the offense could be determined and that is all that is required. *State* v. *Greenleaf,* 71 N.H. 606, 613, 54 A. 38, 43; *State* v. *Pike,* 49 N. H. 399, 442-443; *State* v. *Bartlett,* 43 N. H. 224. *See* Annot. 96 A.L.R.2d 1435-1445. As was stated in *State* v. *Greenleaf,* 71 N.H. 606, 614-615, 54 A. 38, 43, malice, deliberation and premeditation are matters which may be determined from the character of the weapon employed, the place of the crime, previous remarks and conduct indicating preparation, "and every circumstance having a legitimate bearing upon the subject."

The evidence indicates that the plaintiff and the eyewitness were in the plaintiff's store around midnight when the deceased knocked on the door and "asked could he come in and get something to eat." Plaintiff paid no attention to him and the others with the deceased at the door. Plaintiff went upstairs and returned with the gun in his hand. He was followed by his wife who asked him for the gun. She asked the eyewitness to take the gun from the plaintiff but the plaintiff told the witness to leave the gun alone. Plaintiff asked the witness to help him find some bullets for the gun, found them, walked over to the door, opened it, and when the door started to swing back, placed his foot in it and the gun discharged.

The State must produce evidence of probable cause to believe in the existence of all elements of the offense charged but any element of the offense can be shown by circumstantial evidence. *State* v. *Nelson,* 103 N. H. 478, 486, 175 A.2d 814, 820; *State* v. *Wills,* 107 N. H. 107, 108-109, 218 A.2d 47, 48. The acts of the plaintiff prior to the time that the gun which inflicted the fatal injury was discharged, were sufficient to establish probable cause to believe that the plaintiff shot the deceased with malice, deliberation and premeditation. *See* Hall, Kamisar, LaFave & Israel, Modern Criminal Procedure, *pp.* 850-856 ( 3d ed. 1969 ); 1 Orfield, Criminal Procedure Under Federal Rules 266 ( 1966 ). *See State* v. *Greenleaf,* 71 N. H. 606, 614, 54 A. 38, 42, where the language, though dated, correctly expresses the situation at hand: "Had the slayer space and opportunity for reflection? Did he think over

what he was about to do? Did he coolly form a settled purpose?"

Obviously all the evidence in this case has not been presented and it may be that the plaintiff will be found guilty of some crime less serious than murder or found innocent but that is not and should not be determined at the preliminary hearing or on a petition for habeas corpus. For that reason interlocutory appeals in criminal cases generally are not useful and should not be encouraged.

*Petition dismissed.*

All concurred.