Concord District Court,
No. 6025.

## The State of New Hampshire

*v.*

## Barbara N. Fifield.

June 2, 1970.

*Warren B. Rudman,* Attorney General and *David H. Souter,* Assistant Attorney General ( *Mr. Souter* orally ), for the State.

*Harold E. Ekstrom* ( by brief and orally ), for the defendant.

Griffith, J. Defendant Barbara N. Fifield was convicted in the Concord District Court of a violation of RSA 318-A:21 para. III, being present where she knew a narcotic drug was being illegally kept. Defendant's exceptions to certain rulings during the trial were reserved and transferred by the Concord District Court ( *Donald G. Matson,* Justice ).

Defendant's trial on the misdemeanor charge was joined by agreement with a probable cause hearing on a felony charge for possession of morphine against her eighteen year old husband Robert Fifield. Robert Fifield was bound over to the grand jury by the district court and exceptions to that finding were also transferred to this court. The death of Robert Fifield left only the present appeal of Barbara Fifield in the misdemeanor case.

On July 18, 1969 Detective Russell of the Concord police force called at the Fifield apartment to inquire about the origin of a so-called "black light" that had come into the possession of the Concord police. According to the testimony of the detective

he was invited into the apartment by Robert Fifield, greeted Barbara who was on a couch in the living room, and talked with Robert in the kitchen. At the conclusion of his talk with Robert he inquired whether he had any beer in the refrigerator and was told by Robert to look and see. He did and found no beer. He then started out of the apartment conducted by Robert Fifield. They passed two doors in the hall leading into bedrooms one closed and one partly open. The detective was told the second room was Barbara and Robert's bedroom and when Robert fully opened the door and walked in Russell followed him. After commenting that it was a sunny room he turned to leave and saw a hypodermic syringe on a table by the bed. When he inquired if that was a syringe Robert threw the syringe toward him and it landed on the bed. Russell asked if he should take the syringe whereupon Robert assented with a rude characterization of the detective who then took the syringe. Testimony established that it contained morphine.

Defendant first objects to the refusal of the district court to hear her motion to suppress the introduction of the syringe in evidence prior to a hearing on the merits. Superior Court Rule 81A provides that the court may in its discretion dispose of such motions in advance of trial. The rule is intended to permit the court to dispose of the motion without interruption of a jury trial. In the district court the absence of a jury negates the necessity for advance disposition and it was properly handled here during the trial on the merits.

The reason apparently defendant's counsel desired a hearing in advance on the motion to suppress was to limit the testimony of Robert and Barbara to the circumstances surrounding the seizure of the syringe. RSA 596-A:5 permitted Robert Fifield to limit his testimony at this hearing to direct testimony on the seizure of the syringe. This he did and refused to be cross-examined on the issue. A stenographic record was made for the defendant Robert Fifield of the probable cause hearing and so necessarily of the misdemeanor trial. An examination of this record discloses that Barbara Fifield was not present in the area of the seizure and counsel did not represent either to the district court or here that she had any knowledge of the facts surrounding the seizure of the syringe. Since she had nothing to testify about on the seizure and did not take the stand the question of whether she should have been permitted to limit her testimony

becomes academic. While the practice on motions to suppress in the superior court is to permit such limitation and RSA 596-A:5 provides for it in probable cause hearings, if the denial of the motion in the present case denied limitation of her testimony erroneously it was completely harmless. *See Bailey* v. *United States,* 389 F.2d 305 ( D.C. Cir. 1967 ). *Cf. Simmons* v. *United States,* 390 U.S. 377, 19 L. Ed. 2d 1247, 88 S. Ct. 967.

The district court was entitled to accept the testimony of Detective Russell that he entered the Fifield apartment by invitation, that he made no search of the apartment, that he observed the syringe in plain view and seized it. When he saw the syringe he was where he was by open or tacit invitation, he had observed apparent needle marks on Robert Fifield's arms and knew the uses of a hypodermic syringe. "It has long been settled that objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." *Harris* v. *United States,* 390 U.S. 234, 19 L. Ed. 2d 1067, 1069, 88 S. Ct. 992; *Davis* v. *United States,* 327 F.2d 301 ( 9th Cir. 1964 ); *Ellison* v. *United States,* 206 F.2d 476 ( D.C. Cir. 1953 ); 4 Wharton's Criminal Law and Procedure *s.* 1540. Defendant's exception to the admission of the syringe in evidence is overruled.

A statement taken jointly from both Robert and Barbara Fifield was admitted in evidence against them. Defendant does not claim that it was involuntary or that she was not fully warned of her rights but claims that the form of the statement does not make it clear who was answering what question. Since the admissions of the defendant were in response to questions addressed to her by name and relating to the crime with which she was charged we find no ambiguity.

A review of the evidence fully supports the refusal of the district court to direct a verdict for the defendant and sustains the conviction.

We noted at the beginning of this opinion that the appeal of Robert Fifield from the finding of probable cause had been dismissed because of his death. We have recently held that there is no appeal as a matter of right from a hearing on probable cause ( *Arlen* v. *Keene District Court,* 109 N.H. 331, 251 A.2d 321 ) and even more recently suggested that interlocutory appeals in criminal cases "generally are not useful." *Jewett* v. *Siegmund,* 110 N.H. 203, 263 A.2d 678. In the same vein the absence of a

record of the testimony in the usual case in the district court should lead counsel to question the value of abandoning an appeal with trial de novo in the superior court for a direct transfer to this court except where the facts are agreed to.

*Defendant's exceptions overruled.*

All concurred.