Manchester District Court
No. 6739

STATE OF NEW HAMPSHIRE

v.

GERARD C. ST. ARNAULT

March 29, 1974

*Warren B. Rudman,* attorney general, and *David W. Hess,* assistant attorney general, by brief, for the State.

*Eaton, Eaton, Ross, Moody & Solms (Mr. Clifford J. Ross* by brief) for the defendant.

PER CURIAM.   This is an appeal under RSA 599:1 (Supp. 1973) from a finding of probable cause by the Manchester District Court on a burglary charge after a hearing under RSA 596-A:7 (Supp. 1973). The complaint was entered in the Manchester District Court on August 10, 1973, and a hearing held on August 21, 1973.

During the hearing, Lt. Glennon of the Manchester Police Department testified that Officer Barnum of the same department told him at the scene of the alleged burglary that he saw the defendant, who was at the time of this conversation in the police cruiser under detention, at the rear door of the store where the offense occurred. This testimony was admitted subject to the defendant's exception to it as hearsay. It does not appear that evidence was presented or requested as to why Barnum was not present to testify.

The court found probable cause and ordered the defendant bound over to await the grand jury's action. RSA 596-A:7 (Supp. 1973). However, the order was stayed pending an appeal to the supreme court and the defendant released on $500 bail. The county attorney has apparently not sought an indictment pending our decision.

The sole question transferred by this appeal is the extent, if any, to which hearsay testimony is admissible in a probable cause hearing. While the question has not been squarely decided here, previous decisions of this court and established procedure at preliminary hearings in New Hampshire, as elsewhere, suggest the answer.

The purpose of the preliminary hearing is to determine whether probable cause exists "to believe that an offense

has been committed, which is beyond the jurisdiction of the court to try, and that the accused committed it . . . ." RSA 596-A:7 (Supp. 1973). This is not a trial; and the defendant's guilt or innocence is not in issue, for this is a question which the district court has no jurisdiction to determine. *Jewett v. Siegmund,* 110 N.H. 203, 204, 263 A.2d 678, 679 (1970); *Smith v. O'Brien,* 109 N.H. 317, 318, 251 A.2d 323, 324 (1969); *McLetchie v. Laconia Dist. Court,* 106 N.H. 48, 50, 205 A.2d 534, 535 (1964). The defendant has no right to such a proceeding before indictment by the grand jury; and as in the latter proceeding, the court does not attempt to reconcile conflicting testimony or to judge the credibility of witnesses. *Smith v. O'Brien supra.* In short, a probable cause hearing is not an adversary proceeding. In this respect it more closely resembles a grand jury proceeding under RSA chs. 600, 601.

It is well established that a grand jury indictment may rest exclusively on hearsay evidence. *Costello v. United States,* 350 U.S. 359 (1956); *State v. Blake,* 113 N.H. 115, 119, 305 A.2d 300, 303 (1973). The *Costello* decision was reaffirmed in *United States v. Calandra,* 414 U.S. 338 (1974), which stressed that a grand jury proceeding "is an *ex parte* investigation to determine whether a crime has been committed, and whether criminal proceedings should be instituted against any person." A probable cause hearing does not even go this far; it merely passes the responsibility to the grand jury to decide whether the defendant should stand trial. It would be anomalous to enforce more restrictive evidentiary rules at a probable cause hearing than at grand jury proceedings.

In the present case, the evidence admitted by the district court was highly relevant and certainly not remote. *See United States v. Costello,* 221 F.2d 668, 677-78 (2d Cir. 1955). The court which saw and heard the witness found the testimony credible.

We are aware that some authorities take a contrary position to that which we express here. *See Myers v. Commonwealth of Mass.,* 298 N.E.2d 819 (Mass. 1973); Note, *The Rules of Evidence as a Factor in Probable Cause in Grand Jury Proceedings and Preliminary Examinations,* 1963 Wash.

U.L.Q. 102, 115-19. Such decisions are based upon different statutes, a different view of the purpose of a probable cause hearing, and a rationale which does not accord with ours or with our practice. We decline to follow them.

We hold that a court, within its discretion, may admit evidence which it finds relevant, not too remote, and given by a credible witness. These tests are all met in the present case, and the order is

*Remanded.*