Durham District Court
No. 7170

STATE OF NEW HAMPSHIRE

v.

JAMES L. MILLER, JR.

November 28, 1975

*Warren B. Rudman,* attorney general, and *Gregory H. Smith,* assistant attorney general *(Mr. Smith* orally), for the State.

*James Koromilas,* by brief and orally, for the defendant.

PER CURIAM. On November 15, 1974, defendant appeared in answer to a complaint charging him with operating an uninspected motor vehicle in violation of RSA 260:16. The District Court *(Nadeau,* J.) discharged him on the grounds that the summons he answered failed to charge any offense, but the court informed defendant a warrant could issue for his arrest. On that date, a warrant was issued and defendant was arrested November 20, 1974, and again brought before the district court. A notation on the complaint apparently initialed by the district judge and

dated November 22, 1974, recites that a motion to dismiss will be filed.

On January 21, 1975, defendant filed a "motion to quash arrest on warrant." The basis for the motion is a claim that the offense charged is a violation not a crime and an arrest on warrant may only be made for a crime. The district court reserved and transferred without ruling all questions of law raised by the motion.

RSA ch. 594 (1974) governs arrests for violations of the criminal laws of the State described as "felonies" and "misdemeanors". RSA 594:1 II (1974). RSA 594:1 I provides: "'Arrest' is the taking of a person into custody in order that he may be forthcoming to answer for the commission of a crime." The defendant claims that the Criminal Code, enacted Laws 1971, 518:1 and Laws 1973, ch. 370 effective November 1, 1973, made the offense with which the defendant is charged a violation rather than a misdemeanor and thereby repealed by implication the right to arrest for such an offense. He argues that since RSA 625:9 II (b) (1974) provides that "[a] violation does not constitute a crime", an arrest may not be made for a violation.

Repeal of a statute by implication is not favored in this State and will not be found in the construction of statutes if any reasonable construction can avoid it. *Public Serv. Co. v. Lovejoy Granite Co.,* 114 N.H. 630, 325 A.2d 785 (1974); *Club Jolliet, Inc. v. Manchester,* 110 N.H. 172, 262 A.2d 844 (1970); *Hayes v. Archambault,* 106 N.H. 434, 213 A.2d 422 (1965). Significantly, repeal of the statutes permitting civil arrest was by specific repeal of the arrest statutes. Laws of 1971, ch. 227. The unfortunate and impractical result of the construction urged by the defendant also dictates its rejection *(Doe v. State,* 114 N.H. 714, 328 A.2d 784 (1974)), but in any event defendant places an unwarranted reliance on the use of the word "crime" in RSA 594:1 I (1974) and the relationship of the definition in RSA 625:9 II (b) (1974) to arrests.

The stated purpose of the denomination as violations of certain offenses formerly classified as misdemeanors is set forth in the comments of the commission for the revision of the criminal laws submitted with its report on the proposed code to the general court: "The purpose of the classification is to provide a framework whereby the relative seriousness of offenses may be scaled and sentences authorized accordingly." New Hampshire Criminal Code 625:9, Comments to 1969 Report (1975). The comment goes on to note that violations are retained in the criminal code by reason of "the fact that use of the criminal process of

enforcement has been traditional." *Id.* It thus appears that the classifications were for determination of punishments and were not intended to affect the "criminal process of enforcement" which includes arrests.

The definition of a "crime" contained in RSA 594:1 I (1974) is determined by reference to other statutes concerned with arrest and criminal procedure rather than the criminal code definition restricted as it is to sentencing. Until the enactment of the Criminal Code all "offenses" were either misdemeanors or felonies and the term "crimes" and "offenses" were synonymous. Thus in the statutes outside of the Criminal Code "crimes" are "offenses" and "offenses" are "crimes". *See e.g.,* RSA Title LVIII, Crimes and Offenses (repealed 1973); RSA ch. 585, Homicide and Offenses Against the Person. While for the purposes of the Criminal Code a "violation" is an "offense" but not a "crime", no such distinction exists outside the Code. RSA 592-A:5 (1974) authorizes a justice of the peace to issue a warrant for an "offense" as does RSA 592-A:8 (1974). Breaches of municipal ordinances are not referred to as crimes and the fine is limited to $100 thereby qualifying as "violations" under the code. RSA 625:9 V (1974). Nevertheless RSA 47:19 provides that fines for infractions of municipal ordinances are recoverable by complaint before a municipal court and RSA 592-A:8 (1974) provides that a warrant for arrest may be issued on such a complaint.

Relating the language of RSA 594:1 I (1974) to other statutes relating to arrest and criminal procedure indicates the use of the word "crime" was not intended as a word of limitation but rather to encompass broadly all offenses prohibited by statute or ordinance. Although ordinarily it is expected a summons will be issued in lieu of an arrest for a violation *(see* RSA 594:14 (1974); RSA 592-A:14 (1974)) the arrest was proper.

*Defendant's motion denied; remanded.*

GRIFFITH, J., concurring: I concur in the result reached by the majority on the question transferred but I would not rule on the validity of the arrest.

It does not appear that the defendant is now in custody or that determination of the validity of his arrest is germane to the trial of the charge against him. While we have suggested that interlocutory appeals in criminal cases "are not useful and should not be encouraged" *(Jewett v. Siegmund,* 110 N.H. 203, 206, 263 A.2d

678, 680 (1970)), here we are asked to give advice on a matter now moot and irrelevant to the trial of the case.

The motion to quash the arrest in this case was made after the defendant was before the court to answer the complaint against him. "The universal rule appears to be that the manner in which a defendant is brought before a court is no bar to the court's jurisdiction to try the case nor may it successfully be set up as a bar to a conviction." (Citations omitted.) *State v. Keating,* 108 N.H. 402, 403 , 236 A.2d 684 (1967).