Merrimack District Court
No. 7514

### State of New Hampshire v. John Doe

October 29, 1976

*David H. Souter,* attorney general, and *Robert V. Johnson II,* assistant attorney general *(Mr. Johnson* orally), for the State.

*Holland & Aivalikles (Mr. Francis G. Holland* orally) for the defendant.

Kenison, C.J. The defendant was charged with operating a motor vehicle while under the influence of intoxicating liquor contrary to RSA 262-A:62 (Supp. 1975). At the time of the alleged offense the defendant was seventeen years and five months old. Prior to trial, he moved that the district court dismiss the complaint on the ground that he was a juvenile or that the complaint should be treated as a juvenile petition. The State objected. The District Court, *Gaumont,* J., reserved and transferred without ruling the issue of law raised by the motion. This case presents a single issue: Whether a person over 16 but under 18 years of age who is charged with operating a motor vehicle while under the influence of intoxicating liquor must be treated as an adult for the purposes of the judicial disposition of the charge.

RSA 169:2 III (Supp. 1975) provides in part that a "'[d]elinquent child' means a child who has committed an offense before reaching the age of eighteen years which would be a felony or misdemeanor under the criminal code of this state if committed by an adult...." Operating a motor vehicle while under the influence of intoxicating liquor is a misdemeanor. RSA 262-A:62 (Supp. 1975). Thus, because the defendant was under 18 when he allegedly committed the misdemeanor, he argues that he is a delinquent child within the meaning of RSA ch. 169 and

therefore entitled to the advantageous treatment of juveniles provided by that chapter. For a discussion of the juvenile system under RSA ch. 169 see *In re Perham,* 104 N.H. 276, 184 A.2d 449 (1962).

The State argues that RSA 169:30 II precludes this result. That provision states that chapter 169 shall not apply to "cases of persons sixteen years of age or over who are charged with the violation of a motor vehicle law . . . ." In such cases the defendant is treated as an adult. According to the State, driving while under the influence of intoxicating liquor is a violation of a motor vehicle law and therefore Doe should be subject to the regular criminal process.

At first glance RSA 169:30 appears dispositive against the defendant. Were it not for the technical meaning given the word "violation" in the New Hampshire Criminal Code, RSA 625:9 II, the case might have ended here. In 1971, the legislature passed the Code which made every offense either a felony, a misdemeanor, or a violation. Felonies and misdemeanors are crimes. Violations are not. Conviction of a violation does "not give rise to any disability or legal disadvantage based on conviction of a criminal offense." RSA 625:9 II. Thus, the word "violation" in the Code does not simply refer to any and all offenses but only to those offenses that are neither felonies nor misdemeanors. The defendant's position is that, because his offense is a misdemeanor, it cannot be a "violation" of a motor vehicle law. Thus, he argues, this case does not fall within the exception to the coverage of RSA ch. 169. The State argues, on the other hand, that the scope of the term "violation" in RSA 169:30 II is not affected by passage of the Criminal Code.

Questions concerning the impact of the Criminal Code upon definitions of statutory terms outside the Code have arisen before. In *State v. Miller,* 115 N.H. 662, 348 A.2d 345 (1975), we held that in a statute defining arrest (RSA ch. 594) the meaning of the word "crime" was not limited to the Code definition but meant all offenses prohibited by statute or ordinance. We also stated that "[w]hile for the purposes of the Criminal Code a 'violation' is an 'offense' but not a 'crime', no such distinction exists outside the Code." *Id.* at 664, 348 A.2d at 347. In discussing *Miller* in *State v. Bennett,* 116 N.H. 433, 434, 362 A.2d 184, 185 (1976), we stated that "the technical definitions of the Criminal Code would not be imported into other statutes where there was no evidence that the legislature intended to change the other statute."

There is no indication that the legislature intended to narrow the scope of RSA 169:30 II when it created the distinction between violations and misdemeanors in the Criminal Code. The substantive content of RSA 169:30 II first appeared in the law of New Hampshire in 1945. Laws 1945, 23:1. At that time, of course, no distinction existed between violations and misdemeanors. Thus, a youth charged with *any* motor vehicle offense was treated as an adult. The statute reflected the legislative policy of subjecting *all* persons who operate motor vehicles to the same penal sanctions, the same rules of the road, and the same civil standard of care. Driving was an adult activity, and juveniles engaging in that activity were treated as adults. *See Daniels v. Evans,* 107 N.H. 407, 224 A.2d 63 (1966). There are no reasons why in 1971 the legislature might have wished to abandon its long-established policy of twenty-six years standing. Imposing penal sanctions upon all those who disobey motor vehicle laws is as important today as in 1945. We hold that "violation" in RSA 169:30 II is not narrowed by RSA 625:9 and that the defendant must be tried as an adult for allegedly violating RSA 262-A:62 (Supp. 1975).

At this point it is unnecessary to discuss the relationship between an administrative license suspension for a juvenile who operates a motor vehicle when his blood alcohol content is five-hundredths percent or more (RSA 262:40-a II (Supp. 1975)) and criminal sanctions imposed by RSA 262-A:62 (Supp. 1975). The defendant has not been tried and there is no evidence that the director of the division of motor vehicles has suspended or is planning to suspend the defendant's license. Finally, we reject the defendant's argument that a person under sixteen will be subject to adult prosecution if we accept the State's position. RSA 169:30 II explicitly applies only to those who are sixteen years or older.

*Remanded.*

Bois, J., did not sit; the others concurred.