Hillsborough
No. 78-022

THE BOARD OF SELECTMEN OF THE TOWN OF MERRIMACK

v.

THE PLANNING BOARD OF THE TOWN OF MERRIMACK

March 10, 1978

*Bossie & Kelly,* of Manchester (*Robert F. Bossie* orally), for the plaintiffs.

*Hanrahan & Flynn,* of Manchester (*Gregory E. Michael* orally), for the defendants.

*Daniel D. Crean,* of Concord, by brief and orally, for amicus curiae New Hampshire Municipal Association.

PER CURIAM.   In this case we are asked to resolve the ostensible conflict between RSA 31:63-a (Supp. 1975) and RSA 31:63-b with RSA 36:8 (Supp. 1975), *as amended,* Act of July 15, 1977, ch. 532:1 [1977] N.H. Laws 674 [hereinafter RSA 36:8]. The Presiding Justice, *Flynn,* J., reserved and transferred four questions:

A. Whether the provisions of R.S.A. 36:8, as amended, preclude a planning board from accepting petitions for zoning amendments after the 90th day before the Annual Town Meeting.

B. Whether the provisions of R.S.A. 36:8 supersede the provisions of R.S.A. 31:63-b, and thus precluding all zoning amendment petitions submitted to a planning board after the 90th day before the Annual Town Meeting from being submitted to the voters at said meeting.

C. Whether any petition for zoning amendment submitted to a planning board after the 90th day before the Annual Town Meet-

ing, need be subject to public hearings and publication as required by R.S.A. 31:63-a, as amended.

D. Whether a petitioned zoning amendment should be submitted to the Board of Selectmen in accordance with R.S.A. 39:2 and R.S.A. 31:63-b to determine whether the petition is in correct form, as well as to determine whether the requirements of R.S.A. 31:63-b and R.S.A. 36:8 have been met.

RSA 36:8 now requires that a town planning board hold a regular meeting every three months. A meeting must also be held at least 90 days before the town meeting date to accept petitions for zoning amendments and building code changes. "Following receipt of . . . petitions . . . , at least 90 days before town meeting, the planning board shall post the first hearing immediately and subsequent hearing pursuant to . . . RSA 31:63-a." The plaintiffs argue that the amended RSA 36:8 now precludes the acceptance of a zoning petition within 90 days before the town meeting, despite the fact that the procedures required by RSA 31:63-a (Supp. 1975) can be satisfied in 51 days' time.

The defendants accepted petitions for zoning amendments less than ninety days before the town meeting date but in sufficient time to comply with the procedures of RSA 31:63-a (Supp. 1975). RSA 31:63-b allows voters to petition the planning board for a change in zoning ordinances. It provides no express time limit for the submission of such petitions. The only requirements imposed are that twenty-five voters present the petition and that RSA 31:63-a (Supp. 1975) be followed. Thus any petition submitted fifty-one days or more before the town meeting date is considered timely.

■■ The plaintiffs' entire argument rests upon the effect of the July 15, 1977, amendment to RSA 36:8 (Supp. 1975). They claim that the amended statute on its face forbids acceptance of petitions within ninety days of town meeting and that the new statute supersedes RSA 31:63-b. In the plaintiffs' view, there is an unavoidable conflict between those two provisions. When a conflict exists between two statutes, the later statute will control, especially when the later statute deals with a subject in a specific way and the earlier enactment treats that subject in a general fashion. 2A C. D. Sands, Sutherland Statutes and Statutory Construction § 51.05 (4th ed. 1973). However, as we noted in *Ingersoll v. Williams*, 118 N.H. 135, 138, 383 A.2d 1119, 1121 (1978), decided this day, implied repeal of former statutes is a disfavored doctrine in

this State. *See also State v. Miller*, 115 N.H. 662, 348 A.2d 345 (1975); *Opinion of the Justices*, 107 N.H. 325, 221 A.2d 255 (1966). The party arguing a repeal by implication must demonstrate it by evidence of convincing force. *Opinion of the Justices*, *id.* at 328, 221 A.2d at 257. If any reasonable construction of the two statutes taken together can be found, this court will not find that there has been an implied repeal. *State v. Miller supra; Public Serv. Co. v. Lovejoy Granite Co.*, 114 N.H. 630, 325 A.2d 785 (1974).

In this case we believe that the statutes can be read to form an integrated scheme for popular action on zoning amendments. Before amendment, RSA 36:8 (Supp. 1975) required only that regular meetings be held every three months. If the regular meeting fell on the fiftieth day before town meeting, the time requirement of RSA 31:63-a (Supp. 1975) could not be satisfied. The people in such a town would have to present petitions for amendments almost five months before the town meeting, the only forum empowered to vote on the amendments. If the amended version of RSA 36:8 is read as requiring the planning board to hold a special meeting more than ninety days before the town meeting date, or accept petitions for zoning amendments at a regular meeting sufficiently in advance of that date, the amended statute can be recognized as amelioratory.

Even if the language of RSA 36:8 is unfortunately chosen, the plaintiffs have failed to meet their heavy burden of showing that their interpretation is the most rational. Indeed, the language of RSA 36:8 does not in itself prohibit the submission of zoning amendments after the ninety-day limit. It only requires that a meeting be held before that time. Hence, we agree with the reading of RSA 36:8 advanced by the defendants and the intervenor. The answers to transferred questions A and B are negative.

The third transferred question queries whether a petition submitted after the ninetieth day before the town meeting date need be subject to the procedures of RSA 31:63-a (Supp. 1975). We do not understand the defendants to argue that such petitions are exempt from that statute. Indeed we could not find any such exemption without contradicting the reasoning of the first part of this opinion that RSA 36:8 is part of a consistent scheme of which RSA 31:63-a (Supp. 1975) is a part. The statutory language is clear; the answer to question C is affirmative.

■ The last transferred question concerns the effect of RSA 39:2 (which requires that selectmen include in the town meeting warrant all subject matter to be considered at the meeting) on RSA 31:63-b, which empowers the selectmen to determine whether the petition for zoning amendment is in correct form. We believe that these statutes do not require that the petitions be submitted to the selectmen before submission to the planning board. Indeed in the course of the hearings on the petition required by RSA 31:63-a (Supp. 1975) the petition could be altered, amended, or withdrawn by its proponents. The proper time for the selectmen to review the form of a proposed amendment is after the amendment has taken its final form. We do not understand the language of RSA 31:63-b or RSA 39:2 to require presubmission to the selectmen. The answer to transferred question D is that the petition must be submitted, but only after the planning board has completed its part in the amending process.

*Remanded.*

LAMPRON and BOIS, JJ., did not sit; JOHNSON, J., sat by special assignment pursuant to RSA 490:3.