Hillsborough
No. 88-272

THE STATE OF NEW HAMPSHIRE

v.

NICHOLAS H.

April 7, 1989

*Stephen E. Merrill*, attorney general (*Kathleen A. McGuire*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J. This is an appeal from a decision of the Superior Court (*Murphy*, J.) accepting the Nashua District Court's (*Howorth*, J.) certification of the minor defendant, Nicholas H., for trial as an adult on a charge of first degree murder, RSA 630:1-a, I(a). The defendant raises two issues on appeal: (1) whether the district court's decision to certify the defendant was supported by the evidence and based on proper consideration of the criteria of RSA 169-B:24 (Supp. 1988): and (2) whether certain hearsay statements were properly admitted at the certification hearing. Because we hold that the admission of the hearsay statements was reversible error, we need not address the first issue.

On the evening of August 27, 1987, the body of Judith Frazier was found in her apartment at 15 Railroad Square in Nashua. An autopsy revealed that the victim died from strangulation and stab wounds to the chest and abdomen. She also suffered bruises to the head, a broken nose, and slashed wrists.

In the course of investigating the homicide, Detective Peter A. Bouchard interviewed Robert LaCasse, a cousin of the defendant, who was living with the defendant's family. At the time of the interview, LaCasse was a suspect in the homicide. According to LaCasse's statement to Bouchard, the following events occurred on the evening of August 27. LaCasse was at the defendant's residence,

watching television, when the defendant left the apartment for five to ten minutes. When the defendant returned, he stated that he was going next door "to scare Judy." He then left the apartment, came back a short time later and placed a pillow case over his head with cutout holes so that it resembled a mask. Taking a broken broom handle, he told LaCasse that he was going back to the apartment "to scare Judy again." He returned a short time later without either the mask or the broom handle. The defendant left and returned to the apartment a few more times; once he took a butter knife to jimmy the door of the victim's apartment "to see if she was all right"; on another occasion he returned with a silver "boom-box radio" with a red or orange tag attached to it; and in another instance he came back with a stereo speaker and microphone. The defendant told LaCasse that he had gotten the radio from a friend. The defendant went to his bedroom, played the radio, and then left the apartment again. When the defendant returned shortly thereafter, he informed LaCasse that Judith Frazier was dead.

The execution of a search warrant at the defendant's home resulted in the seizure of a silver-colored radio with an orange tag attached, which the victim's daughter identified as belonging to the victim. LaCasse identified the radio as the one in the defendant's possession on the night of the homicide. The police also recovered from below the defendant's bedroom window a serrated eight-inch knife, wrapped in a white pillowcase cut out in the shape of a mask. Blood of the same blood type as that of the victim was found on the knife. In addition, the defendant's sneaker contained a spot of human blood that was too small to permit determination of the blood type.

On August 28, 1987, the State filed a juvenile petition accusing the defendant, then age 15 years and one month, of the first degree murder of Judith Frazier. On September 2, 1987, the State petitioned the Nashua District Court, pursuant to RSA 169-B:24 (Supp. 1988), for certification to transfer the case to the superior court for trial of the defendant as an adult.

The district court heard eight days of testimony by State and defense witnesses on this petition and on a motion filed by the defendant alleging incompetency to stand trial. On October 20, 1987, the district court issued an order granting the State's petition to certify and finding the defendant competent to stand trial.

The court's order contained findings regarding each of the eight criteria to be considered in certifying a juvenile under RSA 169-B:24 (Supp. 1988). With respect to its finding of prosecutive merit, one of the eight criteria, the court considered the hearsay

statements of LaCasse, evidence which the court found "corroborated and therefore trustworthy." After certification, the State filed a motion for acceptance of the certified case in the superior court. The defendant objected, arguing that the certification order was unsupported by the evidence and erroneous as a matter of law. The defendant also filed a motion for a transcript of the certification hearing. The defendant did not appeal the competency finding.

On November 16, 1987, the superior court issued its first order granting the motion to accept certification and denying the defendant's motion for a transcript. The defendant appealed to this court, where we ruled that the superior court could not accept certification without reviewing a transcript of relevant portions of the certification hearing. Upon remand and after transcription of the entire record, the superior court on April 29, 1988, issued a second order affirming the acceptance of certification. The defendant filed a motion to reconsider the order, arguing, *inter alia*, that a hearing was required before certification. After a non-evidentiary hearing, the superior court affirmed the certification of the defendant. The defendant appealed to this court.

We first address the issue of whether the district court properly admitted the hearsay statements of Robert LaCasse. RSA 169-B:24 (Supp. 1988) provides in pertinent part:

"The court shall conduct a hearing on the question of transfer and shall consider, but not be limited to, the following criteria in determining whether a case should be transferred:

I. The seriousness of the alleged offense to the community and whether the protection of the community requires transfer;

II. The aggressive, violent, premeditated or willful nature of the alleged offense;

III. Whether the alleged offense was committed against persons or property;

IV. The prosecutive merit of the complaint;

V. The desirability of trial and disposition of the entire offense in one court if the minor's associates in the alleged offense were adults who will be charged with a crime;

VI. The sophistication and maturity of the minor;

VII. The minor's prior record and prior contacts with law enforcement agencies; and

VIII. The prospects of adequate protection of the public, and the likelihood of reasonable rehabilitation of the minor through the juvenile court system.

. . . If the court orders transfers to superior court, it shall provide a written statement of findings and reasons for such transfer to the minor."

The defendant argues that the finding of prosecutive merit, *see* RSA 169-B:24, IV (Supp. 1988), should be vacated because LaCasse's statements were inadmissible hearsay under New Hampshire Rules of Evidence 1101(b) and 802. The defendant argues further that even if some hearsay evidence was admissible at a certification hearing, LaCasse's statements should have been excluded because they were untrustworthy and the witness was not subject to cross-examination.

Prior to the effective date of the New Hampshire Rules of Evidence (July 1, 1985), this court in *In re Vernon E.* found no error in the trial court's admission of hearsay evidence at a juvenile certification hearing because the evidence was "'relevant, not too remote, and given by a credible witness.'" *See* 121 N.H. 836, 845, 435 A.2d 833, 838 (1981) (quoting *State v. St. Arnault*, 114 N.H. 216, 219, 317 A.2d 789, 791 (1974)). Therefore, in investigatory proceedings, such as a juvenile certification hearing, as long as evidence admitted had some assurance of trustworthiness, "there [was] no requirement that [the proceedings] 'conform with all the requirements of a criminal trial or even of the usual administrative hearing.'" *State v. Gibbs*, 126 N.H. 347, 352, 492 A.2d 1367, 1370 (1985) (quoting *Kent v. United States*, 383 U.S. 541, 562 (1966)).

The defendant maintains, however, that because the New Hampshire Rules of Evidence took effect after our decisions in this area, and because juvenile proceedings are not specifically exempt from the rules, the hearsay rule prohibits the admission of LaCasse's statements. We agree.

According to Rule 802, hearsay evidence is inadmissible unless it otherwise falls within an exception. Rule 1101(b) makes the rules of evidence applicable to all "criminal proceedings unless otherwise provided by the constitution or statutes of the State of New Hampshire or these rules." The State contends that juvenile certification hearings fall within the exemption provided by Rule 1101(d)(3), which excludes certain "Miscellaneous Proceedings" from the scope of the evidentiary rules. Among those exempted proceedings are "preliminary examinations in criminal cases." N.H. R. Ev. 1101(d)(3). More specifically, the State argues that certification hearings are similar in nature to probable cause

hearings, which are "preliminary examinations." *See State v. St. Arnault supra.* The State also refers to Note 6 of the Reporter's Notes following Rule 1101, which suggests that evidentiary rules may be relaxed in juvenile proceedings. To support this proposition, Note 6 cites R. MCNAMARA, 2 NEW HAMPSHIRE PRACTICE, CRIMINAL PRACTICE AND PROCEDURE § 1104, at 239 (1980). We note, however, that McNamara refers to statutory law which was subsequently repealed, *see* RSA 169:26, repealed by Laws 1979, 361:1, and case law in effect prior to the enactment of the rules.

 In the absence of a clear and specific exemption, we hold that the rules of evidence apply to juvenile certification hearings. Accordingly, we conclude that the hearsay statements of Robert LaCasse were inadmissible and that the district court improperly considered them in making its finding of prosecutive merit under RSA 169-B:24, IV (Supp. 1988).

As a final matter, the State in its brief requests that we consider the admissibility of an inculpatory statement the defendant made to police which the district court did not consider in its certification decision. This issue is not properly before us, and we therefore do not reach it at this time.

The case is remanded to the district court for a hearing, at which the State shall have an opportunity to present LaCasse as a witness and the parties shall have the opportunity to present any *additional* evidence that they wish on the question of prosecutive merit. *Cf. State v. Gibbs,* 126 N.H. at 353, 492 A.2d at 1371.

*Reversed and remanded.*

All concurred.