Rockingham, ⎰
Dec. 1, 1908. ⎱

## ROCKINGHAM COUNTY *v.* CHASE *& a.*

A statute which is complete in itself, and is in its practical operation independent of a prior enactment covering the same subject, is not ordinarily deemed to have a merely cumulative effect, but to repeal the earlier expression of the legislative will.

The statute limiting the speed of motor vehicles upon highways (Laws 1905, *c.* 86, *s.* 8) is not cumulative to chapter 264, Public Statutes, relating to offences against the police of towns.

Fines and forfeitures received by a justice of the peace for violations of the automobile law belong to the county in which the offences were committed.

A justice of the peace who receives money upon proceedings for the forfeiture of recognizances given by violators of the automobile law is not entitled to recoupment for the costs incurred in those prosecutions.

ASSUMPSIT, to recover money received by the defendant Chase and paid over to the defendant town of Seabrook under the following circumstances: Chase is a justice of the peace residing in Seabrook, before whom certain persons have been arraigned for

operating automobiles upon public highways in that town at a speed greater than is permitted by section 8, chapter 86, Laws 1905. As such justice, Chase received the fines imposed by him on convictions for such offences, and also cash bail in other similar cases, which bail has been forfeited. Believing that the fines and forfeitures belonged to the town, Chase turned the fines over to the town treasurer, and also the forfeitures after deducting therefrom the costs and fees of the officers, constables, and himself. If the county is entitled to the fines and bail forfeitures, the amount is to be ascertained by the superior court and judgment rendered against the defendants for the amount due; otherwise, the defendants are to have judgment for their costs. Transferred from the October term, 1907, of the superior court by *Chamberlin,* J., upon an agreed statement of facts.

*Charles H. Batchelder,* solicitor, for the plaintiffs.

*Page & Bartlett,* for the defendants.

WALKER, J. "Unless otherwise specially provided, all fines and forfeitures imposed by a justice of the peace for offences against the police of towns, and violations of by-laws of towns, shall be for the use of the town in which the offence was committed; all fines and forfeitures imposed by a police court shall be for the use of the town in which the court is established; and all other fines and forfeitures shall be for the use of the county within which the offence was committed." P. S., *c.* 256, *s.* 2. It is plain that a fine imposed by a justice of the peace for an offence " against the police of towns " is for the use of the town where the offence was committed, and that fines imposed by justices of the peace in all other cases, in the absence of a special provision to the contrary, belong to the county. As " offences against the police of towns " is not a technical, common-law expression descriptive of a class of crimes, little doubt can be entertained that in the statute quoted the legislature referred to the offences enumerated under that title in chapter 264, Public Statutes. Before the passage of the statute regulating the use of automobiles in the public highways (Laws 1905, *c.* 86), the driving of such a vehicle therein at a greater rate of speed than five miles an hour might have been deemed an offence against the police of towns; for it is provided in section 18, chapter 264, Public Statutes, that " no person shall ride through a street or lane, in the compact part of a town, at a swifter pace than at the rate of five miles an hour." In *Bly* v. *Railway,* 67 N. H. 474, it was held that this section of the statute was applicable to the operation of street railways, upon the ground that " the

mode of conveyance was a mere incident of the mischief" which the statute was intended to prevent. The use of electricity as a motive power to propel carriages along the highway was not prohibited by this statute, but merely their propulsion at a rate of speed deemed dangerous to other travelers using the same thoroughfare. For the same reason, an automobile speeding at the rate of twenty-five or thirty miles an hour, over a course devoted to the public use of locomotion, creates a more evident danger from its excessive speed, than the driving of racing horses or street cars.

As riding in an automobile undoubtedly falls within the general purview of section 18, chapter 264, Public Statutes, the question is whether it is removed therefrom by chapter 86, Laws 1905, entitled "An act to provide for registering, numbering and regulating the speed of automobiles and motor vehicles and for licensing the operator thereof." Section 8 provides that "no automobile or motor cycle shall be operated upon any public highway outside the business district or compactly built sections of a city or town at a speed greater than twenty miles an hour, or within the business districts or compactly built sections of a city or town at a greater speed than eight miles an hour. . . . Upon traversing a crossing of intersecting ways, in going around a corner or curve which cuts off a free view of the road to be traversed, or in traversing a highway bordering a steep descent or passing over a bridge, every person operating such a vehicle shall run it at a rate of speed less than that heretofore specified, and at no time and in no place greater than is reasonable and proper, having regard to traffic, the use of the way, and the safety of the public." The act contains various other regulations relating to the management of automobiles, and section 10 provides for the penalty to be imposed for the violation of "any provisions of this act." There is no reference in the act to chapter 264, Public Statutes; and if it repealed section 18 of that chapter, and also was in effect intended to be a substitute for that section of the former statute, so far as the speeding of automobiles is concerned, that result can only be arrived at by implication.

That the legislature of 1905 intended to establish a different speed limit for automobiles than then existed for other vehicles, and to provide a different penalty for a violation of the newly established speed limit, cannot be controverted; and in this respect it repealed the old law. The inconsistency between the two statutes when applied to the use of automobiles is so apparent as to show conclusively that a repeal was intended, unless the new act can be construed to be an amendment of or addition to the old one. But such a construction has little in its support. A later

statute which is complete in itself, and in its practical operation independent of a former statute covering the same subject, is not ordinarily deemed to have merely a cumulative effect, but to operate as a repealing statute (*Leighton* v. *Walker*, 9 N. H. 59; *Hillsborough County* v. *Manchester*, 49 N. H. 57, 60; End. Stat., s. 195; 1 Lewis Suth. Stat., ss. 251, 252); that is, the former law becomes ineffective and the latter one operates as a distinct and independent expression of the legislative will. The only evidence that the statute of 1905 was intended to be an amendment of the former statute on the subject of fast driving, and to be included in the list of "offences against the police of towns," is that before 1905 the original statute applied to the speed of automobiles, and that the subject-matter of the new statute falls appropriately within the purview of the old one. But the facts that the legislation of 1905 covers many subjects relating to the ownership, operation, and control of automobiles, and is not confined merely to limiting their speed upon the highways, that a different speed limit and a different penalty are provided than is found in the Public Statutes, that no reference is made to the former statute and no repealing or amendatory clause was inserted, furnish abundant evidence that this legislation was not intended to be cumulative to the chapter on "offences against the police of towns," but to be substantially new and distinct from existing legislation. That it might have been given a cumulative effect, or that the speeding of an automobile might have been designated as a local police offence, is not very cogent evidence that the legislature had that intention, which they left to be discovered from doubtful implication rather than from plain expression of statutory language. The result is that the fines and forfeitures received by the defendants for violations of the automobile law belong to the county.

The remaining question is whether the justice of the peace was entitled to recoup from the money he received upon the proceedings before him for a forfeiture of the recognizances the costs incurred in those prosecutions, which of course were not paid by the respondents. No statute allowing such a set-off has been called to our attention; and as costs in criminal prosecutions are payable by the complainant except when such prosecutions are "directed or approved in writing by the counsel of the state, or the county commissioners" (P. S., c. 256, s. 9), the sums forfeited in these cases, which belong to the county, cannot be decreased by the costs incurred.

*Judgment for the plaintiff.*

All concurred.